**Josephine Payne ELLIS,**
**Plaintiff/Appellee,**

v.

**Hubert Chester ELLIS,**
**Defendant/Appellant.**

Supreme Court of Tennessee,
at Nashville.

April 11, 1988.

---

Clyde W. Richert, III, Springfield, for defendant/appellant.

George W. Yost, Springfield, for plaintiff/appellee.

## OPINION

BROCK, Justice.

In this divorce action the plaintiff wife was granted a divorce and the court made a division of marital property, real and personal, pursuant to T.C.A. § 36–4–121. On appeal, the Court of Appeals affirmed the granting of the divorce but disagreed with the trial court's disposition of the marital property and substantially modified the trial court's decree in that respect and made a much more liberal division of the property in favor of the wife. We granted review at the instance of the husband.

The parties have been married since June 1948, but have no children. The husband worked as a farmer until 1965 when he went to work for the Acme Boot Company and from which he retired in 1983. The wife has also been an employee of Acme Boot Company for several years and was so employed at the time of the trial in this cause. At the time of their marriage the parties lived in a house owned by the wife's uncle which was located on approximately 40 acres of land which has been referred to in the record as "the big house." In 1952 the parties built a small house, referred to in the records as "the little house," on another piece of land owned by the wife's uncle. Later, the wife's uncle executed a deed to these parties for the little house and the lot on which it was located. Most of the funds employed to build the little house came from the husband's earnings and savings.

Later, the wife sought a bank loan, using a mortgage on the little house as security, but husband refused to sign the promissory note. However, the husband finally conveyed his interest in the little house to the wife. She alone then signed the note, but both she and her husband executed a deed of trust as collateral.

In 1972 the wife inherited from her uncle the big house, along with the 39 acres on which it was located. Thereafter the parties moved into the big house and resided therein until their separation in July 1982, at which time the wife moved back into the little house.

In making a proper division of the property owned by the parties, the trial court found that they had cash on hand of $14,910, that the little house and three hundredths of an acre of land had a value of

$18,500, stipulated, and that the big house and 38.5 acres of land on which it was located had a stipulated value of $66,700. The trial judge also had before him the inheritance tax return filed by the wife's uncle, which placed a value on the big house and the land on which it was located at $15,000 and, thus, he found that there had been an appreciation in value of the big house during the marriage of the parties in the amount of $51,700 and although the big house was separate property of the wife, that the appreciation of $51,700 in that property during the marriage constituted marital property under T.C.A. § 36–4–121 which in paragraph (b)(1), in pertinent part, provides:

> "Marital property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage and presently owned by either or both spouses; including income from, *and any increase in value during the marriage,* of property determined to be separate property in accordance with subdivision (2) of this subsection if each party substantially contributed to its preservation and appreciation ... (Emphasis added.)

It is undisputed that the big house property was "separate property in accordance with subdivision (2)." Accordingly, this increase in value of the big house property during the marriage was considered by the trial court to be one of the items of marital property to be equitably divided as provided by T.C.A. § 36–4–121, and that both the husband and wife had "substantially contributed to its preservation and appreciation." The evidence does not preponderate against those findings. The Court of Appeals also found that the husband's checks introduced into evidence showed that he had paid $5,344 on improvements to the big house and $2,200 in making repairs to outbuildings on the premises. Still other checks placed into evidence showed that the husband had paid for such items as taxes, insurance, heating bills and farm equipment and supplies.

The trial court thus made the following division of the parties' marital assets:

To each party he awarded one-half of the cash on hand or $7,455. He also awarded to the husband the little house valued at $18,500. Further, the trial judge sought to give to each party one-half of the $51,700 appreciation in the big house. To achieve that end, he awarded $35,100 of the appreciation to the wife and $16,600 of the appreciation to the husband, leaving to each an equal share of the total value of their marital property, amounting to $42,555 each. He also ordered the wife to satisfy the debt secured by the deed of trust on the little house in the amount of $4,729 out of the $7,455 cash awarded to her and gave the husband a lien against the big house to secure payment of the $16,600 portion of the appreciation of the value of the big house awarded to the husband.

■ The Court of Appeals concluded that the trial court had abused its discretion in thus dividing the marital property of the parties and, accordingly, set that division aside and made its own division of marital property. The Court of Appeals held that the full appreciation in value of the big house during the marriage of $51,700 was not to be considered as marital property, but that only $7,455 of that appreciation should be considered as marital property, that being the sum that the husband had expended on improvements and repairs on the big house property during the marriage. The court held "that the major portion of the increase in price of the big house was due primarily to the substantial increase in the value of inflation that took place during that time and, therefore, would not be considered marital property but instead would be treated as the separate property of the wife." In our opinion, the Court of Appeals in so concluding, erred since the statute, T.C.A. § 36–4–121(b)(1) clearly states that "any increase in value during the marriage" of such property shall be included as marital property subject to division. The word "any" is all inclusive and does not allow an exception based on inflation, as held by the Court of Appeals.

The only condition imposed in the statute for treating any increase in value during the marriage as marital property is the provision, "if each party substantially contributed to its preservation and appreciation." This condition was amply supported in the evidence. As above mentioned, the Court of Appeals in its own findings found that the husband had contributed $5,544 on improvements to the big house property. This clearly proved that the husband had "substantially contributed to its preservation and appreciation," as found by the trial judge. This evidence satisfied the condition thus required but it did not limit the husband's right to share in the full appreciation of the property during the marriage to the amount which he alone had thus contributed to its maintenance and repair. Having established that the condition had been complied with, the husband was entitled to share fully in the whole appreciation and value of the big house property during the marriage.

The Court of Appeals further erred in concluding that the trial judge had based his division of marital property on a misconstruction of the statute, T.C.A. § 36–4–121(a). The record shows that the trial court considered the relevant factors required to be considered by T.C.A. § 36–4–121(c) in making an "equitable" division of marital property. We are convinced that a fair reading of the findings and decree of the trial court clearly show that he did not hold that the statute required an "equal" division of the marital property, but that it did require an "equitable" division of that property, considering the factors set out in subparagraph (c) of the statute and that *in this case* the most equitable division would be an approximate equal division as decreed by the trial court.

Our conclusion is that the trial court properly construed and applied the law in this case and did not abuse his discretion in making the division of marital property as he did. Accordingly, the decree of the Court of Appeals is reversed and the findings and the decree of the trial court are reinstated. Costs incurred upon appeal are taxed against the plaintiff/appellee and this cause is remanded to the trial court for such further proceedings as may be required or proper in the premises.

HARBISON, C.J., FONES and DROWOTA, JJ., and GREER, Special Justice, concur.