IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

March 1, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DEMETREOUS FLENGAS | ) | HAMILTON COUNTY |
| | ) | 03A01-9508-CV-00281 |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. WILLIAM M. BARKER, |
| | ) | JUDGE |
| | ) | |
| KIMBERLY DENISE FLENGAS | ) | |
| | ) | |
| Defendant-Appellee | ) | REMANDED WITH DIRECTIONS |

MARVIN BERKE OF CHATTANOOGA FOR APPELLANT

LESLIE B. McWILLIAMS OF CHATTANOOGA FOR APPELLEE

O P I N I O N

Goddard, P.J.

Demetreous Flengas, the husband, and Kimberly Denise
Flengas, the wife, were granted an absolute divorce in September
1994 in Hamilton County. Shortly thereafter, the Trial Court
entered its memorandum opinion and order which directed the
division of the parties' assets and liabilities. It is from this
order that the husband appeals.

The parties were married on August 5, 1989. They have no children together, but the husband's daughter from a previous marriage lived with the parties until shortly before the parties' separation. The husband filed his complaint for divorce in February of 1994. The wife asked that the complaint be dismissed and she then filed a counter-claim seeking divorce.

A non-jury trial was held on July 18 and 19, 1994. An order of absolute divorce was entered on September 9, 1994. In April of 1995, as already noted, the Trial Court issued its memorandum order that directed the division of assets and liabilities. The parties owned various assets, including a number of automobiles. This appeal, however, is concerned with only one asset: the marital home.

In 1980, prior to the parties' marriage, the husband purchased a house in Signal Mountain, Tennessee for $55,000. The title to the house is in the husband's name only and is separate property of the husband. However, the Trial Court ordered that while the wife is not entitled to any share in the husband's separate property, she is entitled to share in the appreciation of such property since the marriage. The Trial Court noted that "[a]lthough there was no evidence introduced regarding the actual increase in value of the residence since the marriage, it is clear that most of the improvements, which were substantial, were made by the parties following the marriage." Therefore, the Trial Court ordered that the house be sold and that "the net

2

proceeds from the sale, after the deduction of the balance owed on the mortgages, the heating and air-conditioning system, real estate sales fees, closing costs, and any unpaid property taxes," be divided between the parties so that the husband would receive 75 percent and the wife 25 percent.

The husband presents these issue for appeal:

I. Whether a trial court may award an interest in a spouse's separate property to the other spouse despite no evidence that the separate property increased in value.

II. Whether a trial court may admit a lay opinion regarding value by a witness who is not an expert and does not own the property.

There is no question that the marital home is separate property belonging to the husband. However, T.C.A. 36-4-121(b)(1)(B) provides that "any increase in value during the marriage, of property determined to be separate property" is marital property so long as each party to the marriage "substantially contributed to its preservation and appreciation." See also Ellis v. Ellis, 748 S.W.2d 424 (Tenn.1988). The Code defines substantial contribution as "the direct or indirect contribution of a spouse as homemaker, wage earner, parent or family financial manager, together with such other factors as the court having jurisdiction thereof may determine." T.C.A. 36-4-121(b)(1)(C).

In the case before us, there is evidence that the parties made several improvements to the marital home and adjoining property. Among the improvements were: adding a garage, adding a covered deck, adding a wood storage building, enclosing a patio, installing central heat and air, fencing in a portion of the property, installing an upper driveway and various other improvements. These improvements were done by the parties

4

themselves, by workers the parties traded with or by individuals who were paid for their work. The husband does not contest the Trial Court's finding that the wife substantially contributed to the installation of the improvements.

The husband instead insists that because the wife failed to produce any actual evidence of an increase in the property's value she is not entitled to an interest in the property. Determining the value of such property is a fact question and thus, the trial court's determination must be given great weight on appeal. Wallace v. Wallace, 733 S.W.2d 102 (Tenn. App. 1987). The Trial Court's decision with regard to valuation of marital property will be presumed to be correct unless the evidence preponderates otherwise. Wallace, supra.

The difficulty here is that there is no actual evidence regarding the value of the husband's equity in the property at the time of the marriage. At trial, the husband testified that the property was worth $80,000 while the wife testified that the property was worth $175,000. Also introduced into evidence was the fact that prior to the installation of the heating and cooling system the parties had insured the property for $137,000. At the time of the trial, the property was encumbered by a first mortgage of $25,500, a second mortgage of $20,000 and a lien of $5,800 for the heating and cooling system.

5

It is true, as insisted by the husband, that our cases have held that the burden to prove an increase in the property value falls upon the one who claims an interest in the increase. Bryson v. Bryson, an unpublished opinion of this Court filed in Nashville on August 26, 1988; Cutsinger v. Cutsinger, an unpublished opinion of this Court filed in Nashville on October 4, 1995. However, in the case at bar there is no question that substantial improvements were made to the property during the marriage; indeed, the husband concedes that this is true. In light of this we are disinclined to strictly apply the rule hereinbefore set out, but instead believe this is an appropriate case for remand under the provisions of T.C.A. 27-3-128,[1] as was employed in Hazard v. Hazard, 833 S.W.2d 911 (Tenn.App. 1991).

Therefore, in the interest of justice to both parties, this case is remanded to the Trial Court to receive evidence and to determine the net value (after deduction of any encumbrances) of the property at the time of the marriage. The amount so found is the separate property of the husband and will be set aside to him out of the net proceeds from the sale. The balance of the net proceeds, having been found by the Trial Court to be marital property, will be divided between the parties in such proportions as the Trial Court finds just upon consideration of the factors set forth in T.C.A. 36-4-121(c).

---

[1] **27-3-128. Remand for correction of record.**--The court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right.

In view of our resolution of the first issue, it is not necessary to address the second.

Costs of appeal are adjudged one-half against each party.

_____
Houston M  Goddard, P.J.

CONCUR:


_____
Herschel P.  Franks,  J.


_____
Charles D.  Susano, Jr., J.

7