# IN THE COURT OF APPEALS OF TENNESSEE
# WESTERN SECTION AT JACKSON

**MARY ANN UMSTOT**,

    Plaintiff/Counter-Defendant/Appellee

Vs.

**EDWARD SHIRER UMSTOT**,

    Defendant-Counter-Plaintiff/Appellant.

FILED

No. 02A01-9701-CV-00008
**September 5, 1997**
Shelby Circuit No. 150200 R.D.

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## DISSENTING IN PART; CONCURRING IN PART

I respectfully dissent from that portion of the majority's opinion which concludes that the trial court's award of alimony *in solido* was excessive. As noted by the majority, the trial court's order awarded 58% of the marital estate to the wife and 42% percent of the marital estate to the husband. This court's ruling, in its attempt to achieve "a more equitable division," awards 51% of the marital estate to the wife and 49% percent to the husband.

On appeal, our review is guided by the principle that the trial court's division of marital property is presumed correct, unless the evidence preponderates otherwise. Tenn. R. App. P., Rule 13(d). Moreover, a division is not rendered inequitable simply because it is not precisely equal. Ellis v. Ellis, 748 S.W.2d 424, 427 (Tenn. 1988). A review of the record reflects that the trial court properly considered factors relevant in arriving at an equitable division of the marital estate. Specifically, the court noted the eighteen year duration of the parties' marriage, contributions to the marital estate, the age and physical health of each party, and the relative earning capacity of each, including education and training. With respect to the last factor, the trial court noted that the husband holds a master's degree in biochemistry and that the wife is a medical technologist. The husband is employed at the University of Tennessee - Memphis as a research associate. Moreover, the proof established that the

wife's income is greater, in part, due to the fact that she holds two jobs as a medical technologist.  Finally, the trial court observed that the husband is in good health while the wife, who has been diagnosed with malignant melanoma, has a 40% percent chance of living another five years.

Upon *de novo* review of the record, I am unable to conclude that the evidence preponderates against the trial court's findings or that an error of law has been committed.  Accordingly, although I concur with the majority as to the remaining issues raised on appeal, I would affirm the trial court's award of alimony *in solido.*

_____
DAVID G. HAYES, Judge