# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**November 9, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

CATHY P. McMANAMAY,      )
            )
     Plaintiff/Appellee,     )   Montgomery Chancery
            )   No. 97-01-0151
VS.               )
            )   Appeal No.
CHARLES T. McMANAMAY,   )   01A01-9802-CH-00081
            )
     Defendant/Appellant.   )

# CONCURRING OPINION

The presiding judge has determined that this case should be remanded "to hear further evidence and to adjudge an equitable division of the marital estate." His opinion does not explain why the court has been unable to "ascertain from the evidence in this record what an equitable division of the marital estate should be" and does not provide directions to either the trial court or the parties regarding the steps that should be taken on remand. We have prepared this separate opinion to provide this information.

One of the three issues Colonel McManamay raises on appeal concerns the trial court's failure to consider as marital property the increase in the value of three of Ms. McManamay's investment accounts, two pieces of real property in Ms. McManamay's name, and Ms. McManamay's civil service retirement. When this oversight was first brought to the trial court's attention on December 10, 1997, the trial court stated that it would not be "equitable" to award Colonel McManamay any interest in these assets because "Mr. McManamay was quoted in his deposition as having said, he didn't care about Ms. McManamay's property, as I understood it." Later, in response to Colonel McManamay's Tenn. R. Civ. P. 59 motion pointing out that he had never relinquished his claim against marital property being held by Ms. McManamay, the trial court entered an order on February 27, 1998, concluding that it would not consider the appreciation in the value of these assets as marital property

because the parties had maintained their financial accounts separately during the marriage.

We ordinarily defer to a trial court's decisions with regard to the classification of property and the division of the marital estate unless they are inconsistent with Tenn. Code Ann. § 36-4-121(b), (c) or are not supported by a preponderance of the evidence. *See Brown v. Brown,* 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994); *Mahaffey v. Mahaffey,* 775 S.W.2d 618, 622 (Tenn. Ct. App. 1989); *Hardin v. Hardin,* 689 S.W.2d 152, 154 (Tenn. Ct. App. 1983). The trial court's reasoning in this case reflects a fundamental misunderstanding of the nature of marital property.

As defined in Tenn. Code Ann. § 36-4-121(b)(1)(A) (1996), "marital property" includes

> personal property . . . acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce . . . and valued as of a date as near as reasonably possible to the final divorce hearing date.

Based on this broad definition, a spouse's income earned and received during the marriage is marital property, no matter whether the spouse receiving it deposits it in a separate account or in a joint account. Thus, a spouse's separate financial account is not, by definition, separate property. It follows that income deposited into a separate account during the marriage must be treated as marital property subject to distribution in an equitable fashion. With this rule in mind, we turn to the property at issue on this appeal.

Ms. McManamay is the record owner of two tracts of real property, one in Hudson, Kentucky and the other in Sharpsburg, Georgia. Ms. McManamay testified that her mother had conveyed the Hudson, Kentucky property to her and that she was holding the property in trust for her mother. She also conceded that the value of this property had increased $10,000 during the marriage. While the trial court did not specifically address this property, Ms. McManamay's testimony is uncontradicted. Accordingly, we find that the evidence would have supported a decision to exclude this property from the marital estate because Ms. McManamay was holding it in trust for her mother. The trial court also declined to treat the appreciation in value of the

Sharpsburg, Georgia property as marital property because of the lack of evidence concerning the appreciation in the value of this property and because the property "has no equitable value beyond that which has already been considered in the distribution of the . . . personal property."[1] We have no basis to second-guess this determination.

Ms. McManamay also had three separate financial accounts, a 401(k) account, a savings account, and an account with Putnum Securities. Ms. McManamay deposited portions of her income into these accounts during the marriage, and at the time of the divorce hearing, the 401(k) account had appreciated by $20,332.63; the Putnum Securities account had increased by $9,451.45; and the savings account had increased by $26,000. Ms. McManamay testified without contradiction that $20,000 of the deposits to her savings account belonged to her mother and that she was holding these funds in trust. The appreciation in these accounts, with the exception of the funds attributed to Ms. McManamay's mother, came from deposits of salary Ms. McManamay earned during the marriage, and, therefore, should have been classified as marital property. Likewise, the increase in the value of Ms. McManamay's pension during the marriage should also have been classified as marital property. *See Cohen v. Cohen*, 937 S.W.2d 823, 830 (Tenn. 1996).

While Tenn. R. App. P. 13(d) and 36(a) empower us to classify and distribute marital property on appeal, we have determined that the present record does not contain sufficient evidence to enable us to devise an equitable distribution of the parties' marital property in this case. Accordingly, we must remand the case with directions to the trial court to permit the parties to present additional evidence that will enable the trial court to classify the parties' separate and marital property, to place a value on the marital property, and to divide the marital property equitably. The division need not be precisely equal, *see Cohen v. Cohen*, 937 S.W.2d at 832; *Ellis v. Ellis,* 748 S.W.2d 424, 427 (Tenn. 1988), and each party is not necessarily entitled to receive a share of every piece of marital property. *See Brown v. Brown,* 913 S.W.2d at 168.

---

[1]Ms. McManamay apparently used the proceeds of the sale of one of the parties' pontoon boats to purchase this property following the parties' separation. She was awarded the pontoon boat as personal property.

We concur with the presiding judge's conclusion that Colonel McManamay was not prejudiced by the pace in which the trial court conducted the hearing of this case. We also concur that Ms. McManamay was entitled to the divorce and that the trial court did not err in the classification and distribution of the appreciation in the value of the Stratford Way property and the Eddyville, Kentucky property.

_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE