# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

| | | |
|---|---|---|
| MARY EMMA MERRIWEATHER FULLER, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Madison Chancery No. 51350 |
| | ) | |
| VS. | ) | Appeal No. 02A01-9708-CH-00175 |
| | ) | |
| ELIGO FULLER, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

FILED

May 13, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CHANCERY COURT OF MADISON COUNTY
AT JACKSON, TENNESSEE
THE HONORABLE JOE C. MORRIS, CHANCELLOR

**MARCUS M. REAVES**
Jackson, Tennessee
Attorney for Appellant

**MARY JO MIDDLEBROOKS**
**MIDDLEBROOKS & GRAY, P.A.**
Jackson, Tennessee
Attorney for Appellee

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HOLLY KIRBY LILLARD, J.**

Defendant/Appellant, Eligo Fuller ("husband"), appeals the judgment of the trial court

awarding plaintiff/appellee, Mary Emma Merriweather Fuller ("wife"), approximately 89% of the marital property. For reasons stated hereinafter, we affirm the judgment of the trial court.

Husband and wife were married on May 23, 1958. At the time of trial, the parties had been married thirty-seven years. The parties have five grown children. Wife testified that she is disabled and receives a disability check from social security in the amount of $606 per month. In addition to this check, wife's only other source of income is the $240 per month she receives from sitting with an elderly woman.

Husband works for Miller and Company a manufacturer of plain and quarter sawn hardwoods. In 1996, he earned $13,175.68. Thereafter, from January 1, 1997 until May 1, 1997, he earned $6,243.87.

Wife testified that on June 23, 1995, while she was inside the house, husband took his gun into the his yard and fired off several rounds. Wife contends that when husband returned to the house, he threatened to "knock her brains out." Wife states that instead of hitting her in the head, husband missed and hit her in the shoulder. Husband ran out of the house whereupon wife called the police. Officers Jerry Elston and Mickey Sadler were dispatched to the scene at approximately 10:15 p.m. to 10:30 p.m. that same evening. When they arrived at the scene, Officer Elston found husband sitting on the front porch at his neighbor's house. As husband stood up and walked toward the police car, Officer Elston noticed that husband had a pistol protruding from the front pocket of his jeans. Officer Elston instructed defendant to "put his hands up." Husband proceeded to raise his hand up and down. Officer Elston testified that this continued for twenty to thirty seconds at which time husband withdrew the pistol from his jeans' pocket. As the gun was coming up toward Officer Elston, Officer Elston drew his pistol and shot husband.

Wife contends that prior to this time, husband had been physically abusive to her. Specifically, she testified that the abuse stretched back as far as 1980. Wife further

contends that husband complained about her housekeeping, but insists that he never assisted her. A particular problem that wife testified about was husband's drinking problem. She states that his drinking problem had progressively worsened over the years of the deteriorating marriage. She further contends that he has made no payments on the parties' marital debts, including the mortgage and upkeep on the marital home.

On the other hand, husband contends not only that he never abused wife but also that wife and he have not had an argument in ten years. Husband states that he does not know how this whole situation came up.

Wife filed a complaint for divorce on December 28, 1995. The trial court issued a restraining order and an *ex parte* order of protection that same day. On January 5, 1996, after a hearing on these matters, the trial court issued an order of protection and a temporary injunction. Thereafter on January 17, 1996, husband filed an answer to wife's complaint including a counterclaim for divorce and a restraining order prohibiting her from disposing of the parties' assets. The trial on this matter was heard on May 5, 1997, whereupon the trial court took the matter under advisement and issued its findings on May 12, 1997. On July 11, 1997, an order was entered which granted wife a divorce from husband on the grounds of inappropriate marital conduct. The trial court divided the marital property as follows:

| WIFE: | House and lot on Rochelle Road | |
|---|---|---|
| | $12,362.17 | |
| | | (equity) |
| | Two non-working riding lawn mowers | $350 |
| | One push mower | $10 |
| | 1990 Pontiac Grand Am | $2,000 |
| | Household furnishings and appliances | $1185 |
| | | |
| HUSBAND: | 1985 Nissan Pick-up truck | $700 |
| | Garden tiller | $150 |
| | Two Snapper riding lawn mowers | $650 |
| | One other riding lawn mower | $200 |
| | Chain saw | $250 |

This appeal followed.

The parties have raised the following issues on appeal:

1.   Whether the trial court erred in the division of marital property.

2.   Whether the final order for absolute divorce has contradictory provisions regarding the award of the real property.

3.   Whether the court erred in denying the husband's request to reimburse appellant for assets disposed of prior to trial.

Inasmuch as this case was tried by the trial court sitting without a jury, this Court's review on appeal is governed by Tennessee Rule of Appellate Procedure 13(d), which directs us to review the case *de novo*. *Roberts v. Robertson County Bd. of Educ.*, 692 S.W.2d 863, 865 (Tenn. Ct. App. 1985); *Haverlah v. Memphis Aviation, Inc.*, 674 S.W.2d 297, 300 (Tenn. Ct. App. 1984); Tenn. R. App. P. 13(d). In conducting a *de novo* review of the record below, however, this Court must presume that the trial court's findings of fact are correct. Under this standard of review, we must affirm the trial court's decision unless the trial court committed an error of law affecting the result or unless the evidence preponderates against the trial court's findings. *Roberts*, 692 S.W.2d at 865.

### Whether the trial court erred in the division of marital property.

It is well settled in this state that there is a presumption that marital property is owned equally. *See Salisbury v. Salisbury*, 657 S.W.2d 761 (Tenn. Ct. App. 1983). In this case all property is marital property and is presumed to be equally owned. Under such circumstances it is the duty of the courts to make such adjustments as may be necessary to reach an equitable division of the property, taking into consideration the factors established in Tenn. Code Ann. § 36-4-121(c), which our General Assembly has provided for guidance. Tenn. Code Ann. § 36-4-121(c) provides:

(c) In making equitable division of marital property, the court shall consider all relevant factors including:

(1) The duration of the marriage;

(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;

(3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;

4

(4) The relative ability of each party for future acquisitions of capital assets and income;

(5) The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

(6) The value of the separate property of each party;

(7) The estate of each party at the time of the marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party; and

(10) Such other factors as are necessary to consider the equities between the parties.

All the factors enumerated above do not apply in each case. For instance, in this case, the existence of separate property is minimal, and neither party at the time of the marriage had an estate.

Trial courts have wide latitude in fashioning an equitable division of marital property. *Fisher v. Fisher*, 648 S.W.2d 244, 246 (Tenn. 1983). Their decisions must be guided by the factors in Tenn. Code Ann. § 36-4-121(c), *Ellis v. Ellis*, 748 S.W.2d 424, 427 (Tenn. 1988), and must be made without regard to marital fault. Tenn. Code Ann. § 36-4-121(a)(1); *Bowman v. Bowman*, 836 S.W.2d 563, 567-68 (Tenn. Ct. App. 1991). The decision is not a mechanical one and is not rendered inequitable because it is not precisely equal, *Batson v. Batson*, 769 S.W.2d at 859, or because both parties did not receive a share of each piece of property. *Thompson v. Thompson*, 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990). Appellate courts defer to the trial courts in these matters unless their decisions are inconsistent with the factors in Tenn. Code Ann. § 36-4-121(c) or are not supported by the preponderance of the evidence. *Barnhill v. Barnhill*, 826 S.W.2d 443, 449-50 (Tenn. Ct. App. 1991).

While the courts must include all of the parties' marital property in the marital estate,

they are not required to award both parties an interest in each piece of marital property. Tenn. Code Ann. §§ 36-4-121(a) and 36-4-121(f)(1) permit trial courts to divest and reinvest title to property and to make distributive awards in order to achieve equity. Thus, unless the facts require otherwise, the courts generally judge the fairness of a property division by its final results.

When considering the relevant factors listed in Tenn. Code Ann. § 36-4-121(c), we agree with the judgment of the trial court. As of the date the decree of divorce was issued by the trial court, the duration of the marriage had been approximately 37 years.

Presently, wife is disabled and, consequently, has a very limited means of support. Specifically, wife draws $606 per month from her disability check and another $240 per month from sitting with an elderly woman. Husband, on the other hand, is not disabled and is, in fact, gainfully employed with a lumber company. He draws a wage of $5.25 per hour and works full time. Together with bonuses and profit sharing, husband earned $6,243.87 in the first four months of 1997. This evinces defendant's ability to acquire income and capital assets in the future. Wife's ability to do so is very limited.

As noted above, Tenn. Code Ann. § 36-4-121(c)(1), (2), (4), and (8) are the factors that should be given the most weight in making a division of property in this case. We believe these subsections weigh more heavily in favor of the wife. Accordingly, we affirm the trial court's distribution of the parties' marital property.

**Whether the court erred in denying the husband's request to reimburse appellant for assets disposed of prior to trial.**

Husband contends that the trial court erred in failing to award him one-half of $1,500 received in October of 1995, for the sale of certain real property and a mobile home on Reeves Road. This sale occurred after Husband had left the marital home and before the filing of the Complaint on December 28, 1995. Husband contends that this is marital property, and, as such, the monies collected from the sale of such property should be divided equally between wife and himself. We disagree.

6

Tenn. Code Ann. § 36-4-121(b)(1)(A) defines "marital property" as follows:

> (1)(A) "Marital property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce, except in the case of fraudulent conveyance in anticipation of filing, and including any property to which a right was acquired up to the date of the final divorce hearing, and valued as of a date as near as reasonably possible to the final divorce hearing date.

After a careful review of the record, we find that the property and mobile home on Reeves Road was not marital property and, therefore, not subject to distribution by the trial court. The fact of the matter is that husband and wife conveyed this property to their three daughters on July 19, 1979, by warranty deed. As such, husband and wife were no longer owners of this property. Subsequently, on October 9, 1995, the three daughters sold the land to Larry Robinson for $1,500. The fact that wife's daughters decided to give the money to their mother is of no consequence in this matter. The money collected from the sale of the property was not marital property. Accordingly, we affirm the judgment of the trial court refusing to distribute the said monies.

Additionally, husband protests that wife disposed of the money in a joint checking account without dividing with him. Wife testified that she took the money because she paid all the bills. The trial court concluded that "any assets that the parties owned before their separation have since been dissipated, except for the home and furnishings." Since there is evidence establishing all facts found by the trial court well beyond the "preponderance standard," we concur with the findings of fact made by the trial court and find no abuse of discretion.

In considering the factors of Tenn. Code Ann. § 36-4-121(c), the trial court divided the marital property between husband and wife awarding approximately 89% to wife and 11% to husband. Since there is evidence establishing all facts found by the trial court well beyond the "preponderance standard," we concur with the findings of fact made by the trial court. Based on the final results of this property division and the factors set forth in Tenn.

7

Code Ann. § 36-4-121(c), we find the trial court's division of the marital estate to be equitable.[1]

In light of the foregoing, we affirm the judgment of the trial court. Costs of this appeal are assessed against husband, for which execution may issue if necessary.

                                             _____

                                             HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
LILLARD, J.

---

[1]We note that husband raises the issue of whether the final order for absolute divorce had any contradictory provisions regarding the award of the marital home located on Rochelle Road. After a careful review of the final order of the trial court, we find no contradictions therein. Wife was awarded the marital home located at 1341 Rochelle Road and was ordered to assume the mortgage. Husband is to be held harmless on the mortgage debt.