# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 2000 Session

## TERESA MILLER WITT v. WAYNE KEITH WITT

### Appeal from the Circuit Court for Davidson County
### No. 98D-2421     Muriel Robinson, Judge

---

### No. M1999-02234-COA-R3-CV - Filed July 28, 2000

---

This is an appeal of the trial court's division of marital property in a divorce proceeding. Finding no error in the trial court's judgment, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed and Remanded

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

John R. Reynolds and Thomas F. Bloom, Nashville, Tennessee, for the appellant, Wayne Keith Witt.

Joanie L. Abernathy, Franklin, Tennessee, for the appellee, Teresa Miller Witt.


## OPINION

### I.

Ms. Witt filed for divorce in August of 1998 after a twenty-five year marriage to Mr. Witt. The parties had three children, all of whom had reached the age of majority at the time of the divorce petition. In 1995, Ms. Witt began working at a Ford glass plant. She earned approximately $50,000.00 in 1998. Throughout the parties' marriage, Mr. Witt worked in the service department of several car dealerships. However, at the trial in June of 1999, Mr. Witt had been unemployed since February of 1999.

The record establishes that Ms. Witt began having an affair with Sean Killeen, a coworker, in the summer of 1997. In April or May of 1998, she moved out of the marital residence and rented her own apartment. Ms. Witt continued her relationship with Mr. Killeen while the parties were separated, and in March or April of 1999, Mr. Killeen moved into Ms. Witt's apartment. Mr. Killeen was still living with Ms. Witt at the time of trial. Ms. Witt admitted that Mr. Killeen does not pay rent to live with her. During this affair, Ms. Witt and Mr. Killeen took trips to the Kentucky Derby, New Orleans, Bowling Green, Kentucky and several other cities in Tennessee.

After the hearing, the trial court dismissed Ms. Witt's complaint for divorce and instead granted a divorce in favor of Mr. Witt based on Ms. Witt's inappropriate marital conduct. The trial court then divided the marital property, which Mr. Witt contests on appeal.

**II.**

We note that the division of marital property is largely within the discretion of the trial court and will not be overturned on appeal unless the evidence preponderates against the trial court's findings. Tenn. R. App. P. 13(d); *Lancaster v. Lancaster*, 671 S.W.2d 501, 502 (Tenn. Ct. App. 1984). In making such an award, Tenn. Code Ann. § 36-4-121(c) sets out the following factors for the court to consider:

(1)    The duration of the marriage;

(2)    The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;

(3)    The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;

(4)    The relative ability of each party for future acquisitions of capital assets and income;

(5)    The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

(6)    The value of the separate property of each party;

(7)    The estate of each party at the time of the marriage;

(8)    The economic circumstances of each party at the time the division of property is to become effective;

(9)    The tax consequences to each party; and

(10)   Such other factors as are necessary to consider the equities between the parties.

An equitable division of marital property does not necessarily mean an equal division. *Ellis v. Ellis*, 748 S.W.2d 424, 427 (Tenn. 1988). In the case at bar, the trial court awarded Ms. Witt 551.250 shares of Tennessee Farmers Assurance Company, a Ford Motor Company Tax Efficient Savings Plan for Hourly Employees with Fidelity Investments in her name, a Gaylord Entertainment Company 401 (k) Savings Plan in her name, and a 1996 Ford Explorer titled in her name. The trial court then awarded Mr. Witt 220.472 shares of Tennessee Farmers Insurance Company, a Hendrick Management Corporation 401(k) Plan with Principal Life Insurance Company in his name, and a 1990 Mazda truck in his name. We find it useful to point out that, although Mr. Witt assigns certain values to these property items to support his claim that the division of property was not equitable, such values are not established in the record.[1] Using Mr. Witt's values, he received property worth $33,233.82 plus one-half of the proceeds from the sale of the marital residence and one-half of the

---

[1] Although the parties agreed on the value of several of the items, there was a large discrepancy in the parties' values for several other items.

home furniture. Mr. Witt received property worth $49,352 plus the other half of the marital home and the furniture. Using Ms. Witt's values, the property awarded to each, exclusive of the home and furniture, would be $34,233.82 to Mr. Witt and $38,885.01 to Ms. Witt. Using either set of figures we do not see that the division is inherently inequitable. When the values of the home and the furnishings are added to each column the percentage difference narrows significantly.

Mr. Witt makes the additional claim that Ms. Witt should be charged with the value of the household furnishings she took from the home when the parties separated and the amount she dissipated the marital estate by spending money on her live-in boyfriend.

With respect to each item, Mr. Witt's argument suffers from a lack of proof. The record does not establish the value of the furniture taken by Ms. Witt when the parties separated. Equally lacking is any proof of the amounts she spent on Mr. Killen.

Mr. Witt argues that the burden of proof should be on her to show what her expenses were because of her practice of destroying her cancelled checks. He invokes the rule of evidence that where a party has destroyed evidence, either intentionally or negligently, a presumption arises that the evidence would be unfavorable to the party destroying it. *Hamann v. Ridge Tool Co.*, 539 N.W.2d 753 (Mich. App. 1995); *Welsh v. United States*, 844 F.2d 1239 (6th Cir. 1988). But, we find that under the circumstances of this case, the fact that Ms. Witt destroyed her cancelled checks does not shift the burden to her to show what she spent her money on. The evidence does not show that the checks were unavailable from the bank and Ms. Witt produced the checks she wrote from the time she was requested to do so. Her bank statements showed certain expenditures, and she explained certain large items as attorney's fees, medical and dental expenses for herself and her daughter, and her daughter's school expenses.

We recognize that a party may be charged with dissipating the marital assets after the separation. *See Williams v. Williams*, No. 02A01-9208-CH-00236 (Tenn. Ct. App. at Jackson, filed December 21, 1993). But Ms. Witt had to have a place to stay if she found it intolerable to stay in the marital home. She had to pay the utilities and provide food her herself. She paid for these items with the money she earned herself after the separation. In our opinion the expenditures identified in the record do not amount to a dissipation of marital assets, even if someone else is living with her. Therefore, we think the trial court properly refused to "recapture" these expenditures as marital property.

The judgment of the trial court is affirmed and the cause remanded to the Circuit Court for Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant, Wayne Keith Witt.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.