IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 12, 2001 Session

## SHERRI LYNN VAUGHN v. NATHAN ANTHONY VAUGHN

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 99D2432       Hon. L. Marie Williams, Circuit Judge**

**FILED AUGUST 7, 2001**

**No. E2000-02281-COA-R3-CV**

In this divorce case, the husband has appealed the award of alimony, child visitation and support, and the Court's division of marital property. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

David W. Wallace and C. Leland Davis, Chattanooga, Tennessee, for Appellant.

Robert D. Bradshaw, Chattanooga, Tennessee, for Appellee.

#### OPINION

In this divorce action the husband has raised the following issues on appeal:

1.      Whether the Trial Court erred by awarding the plaintiff alimony in the amount of $390.00 a month for a period of five years?

2.      Whether the Trial Court erred in limiting the defendant's visitation with his children, and deviating from the child support guidelines?

3.      Whether the Trial Court inequitably distributed the parties' assets and liabilities?

At the trial of the divorce, the husband stipulated that he had an affair, and the evidence developed that the husband and wife were married in 1993 and had two children who were six and three years old at the time of trial. The parties' home had an approximately $57,000.00 mortgage, and the wife had an automobile and the husband a truck, which were approximately of the same value. The parties also had a joint savings account from which husband withdrew $5,000.00.

The wife testified the husband's income in 1998 was $39,342.00 and that her income was $19,072.00, and that she could not provide for herself and the children on her income without relying on her credit card, and that balance was approximately $12,000.00 at the time of trial.

The husband testified that his base salary was $34,000.00 per year, and that overtime was not available like it had been previously. He further testified that his trailer payments were $360.00 per month, and that his trailer was on land which a school provided for his use in exchange for his providing security for the school. The school provided his gas and water, as well.

At the conclusion of the trial, the Trial Court determined that the wife's monthly living expenses were modest, and generally less than the husband's, and further that the husband had spent significant marital funds on entertaining his paramour. The Court also found the husband's earning capacity was historically twice as much as the wife's and that the husband had been able to make significant monthly contributions to his pension, and that he should also be imputed income from the land, utilities and water provided by the school in exchange for his acting as a security guard. The Court found that the marriage was of moderate duration and that fault should be considered, as well as the fact that the household had been primarily the responsibility of the wife. The Court awarded the wife $390.00 per month as alimony, for five years. The house was ordered to be maintained in the joint name of the parties until the youngest child reached age 18 or completed high school, and the house would then be sold and the equity be divided. Each party is required to pay one-half of the house payment, and the wife is responsible for repairs, maintenance and insurance. The final decree ordered the husband to pay the wife's attorney's fees and husband was ordered to pay guideline child support in the amount of $783.00 per month.

The award of alimony is in the nature of rehabilitative alimony, and a trial court has "wide discretion" regarding an award of alimony, since the amount and duration are determined by the court's findings of fact in consideration of the statutory factors contained in Tenn. Code Ann. §36-5-101(d)(1). *Siegel v. Siegel*, 1999 WL 135090 (Tenn. Ct. App. March 5, 1999). Awards of alimony are upheld, unless the trial court has manifestly abused its discretion. *Id., citing Hanover v. Hanover*, 775 S.W.2d 612 (Tenn. Ct. App. 1989). Taking into account the statutory factors, and especially the wife's needs and the husband's earning capacity, we hold the Trial Court's findings are supported by the evidence, and affirm the Trial Court's award of alimony. Tenn. R. App. P. 13(d).

The husband argues the Trial Court erred in the visitation award, and that he should be granted more time with the children. The law is well-settled, however, that "the details of custody and visitation with children are peculiarly within the broad discretion of the trial judge." *Suttles v.*

*Suttles*, 748 S.W.2d 427, 429 (Tenn. 1988); *Helson v. Cyrus*, 989 S.W.2d 704 (Tenn. Ct. App. 1998).

In this case, the court adopted a liberal visitation plan which allows the husband visitation with the children every other weekend, additional visitation time during the week in between, plus holiday visitation and three weeks during the summer. We find no abuse of discretion in the award of visitation as determined by the Trial Judge.

Next, Husband takes issue with the amount of child support set by the Trial Court, stating that the Trial Court erroneously deviated from the child support guidelines. The Husband testified that his base salary was $2,892.00 per month gross at the time of trial, and that overtime was no longer available as it had been in 1998. Based upon a gross monthly income of $2,892.00, husband's child support obligation would be somewhat less than the Trial Court's award. However, the Trial Court imputed additional income for his use of the land for his trailer and utilities by the school, and while the Court did not place an exact value on these benefits, it was proper to impute income to the husband for these benefits, as such is expressly allowed by the guidelines. Tenn. Comp. R. and Regs. Ch. 1240-2-4-.03(3)(a). It was also proper for the court to take an average of husband's income for the past two years in making an initial child support award. Tenn. Comp. R. and Regs. Ch. 1240-2-4-.04(1)(e); *Berryhill v. Rhodes*, 21 S.W.3d 188 (Tenn. 2000); *Siegel v. Siegel*, 1999 WL 135090 (Tenn. Ct. App. March 5, 1999); *Yates v. Yates*, 1997 WL 746377 (Tenn. Ct. App. Dec. 4, 1997). Taking into account the imputed benefits and his stated earning capacity, we hold that the child support awarded is authorized by the guidelines.

Finally, the husband contends that the Trial Court divided the parties' property inequitably, but his only examples of such inequity were that the Court gave wife a judgment for half of the $5,000.00 which husband removed from the parties' joint savings, and husband was ordered to pay wife's attorney's fees, as well as being ordered to pay some of her credit card debt, part of which was for attorney's fees.[1]

The law is well settled that a property division does not have to be mathematically equal to be equitable. *Ellis v. Ellis*, 748 S.W.2d 424 (Tenn. 1988.) The standard of review of a trial court's property valuation/distribution is *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Mondelli v. Howard*, 780 S.W.2d 769 (Tenn. Ct. App. 1989). The trial court has broad discretion in such matters, and its decision is given great weight on appeal. *Mondelli*.

The parties' bank accounts, retirement accounts, and personalty were evenly divided.

---

[1]The wife objected to consideration of husband's issue regarding division of assets and liabilities, because the husband failed to include tabulation of property in his initial brief, as required by Rule 15 of the Rules of the Court of Appeals. He did, however, include such tabulation in his reply brief, and in our discretion we entertained the issue. *See Word v. Word*, 937 S.W.2d 931 (Tenn. Ct. App. 1996).

Wife was awarded her car, and husband's truck was not mentioned, but presumably it was awarded to him. The wife was given a judgment for half of the $5,000.00 which was removed from the parties' joint savings account, as well as giving the wife half of the value of husband's savings account, which purportedly contained the remainder of the $5,000.00. (The husband had testified there was $1,400.00 in his savings account.) There was no accounting of the funds by the husband for the funds placed in his account, but the husband had paid his attorney a $5,000.00 retainer, and had spent money on meals, gifts, and trips with his girlfriend, as well as expending monies for setting up his new residence.

The Trial Court's award was appropriate on the evidence.

The husband also argues he should not have been required to pay 68% of his wife's credit card debt. The Trial Court expressly found that the wife's expenditures were reasonable and necessary and that the debt she incurred was marital, and that the credit card debt reflected household bills, expenses for herself and the children, as well as paying for daycare and other expenses. We affirm the Trial Court's decision on the pro-ration of the credit card debt. *See Mondelli.*

We affirm the Judgment of the Trial Court, and remand with the cost of the appeal assessed to Nathan Anthony Vaughn.

_____
HERSCHEL PICKENS FRANKS, J.