IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 30, 2001 Session

## ALFRED EARL VINCENT v. CHERYL LYNN VINCENT

**Direct Appeal from the Chancery Court for Morgan County**
**No. 99-76     Hon. Frank V. Williams, III.,  Judge**

_____  **FILED OCTOBER 25, 2001**  _____

**No. E2000-02529-COA-R3-CV**

_____

In this divorce case, the Trial Court awarded custody of the minor child to father and divided the parties' marital assets.  The wife appealed and we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Joe R. Judkins, Wartburg, Tennessee, for Appellant, Cheryl Lynn Vincent.

John McFarland, Kingston, Tennessee, for Appellee, Alfred Earl Vincent.

### OPINION

In this divorce action, the mother appeals from the Trial Court's Judgment awarding custody of the parties' minor child to the father and dividing the parties' marital assets.

The parties were married in 1975, and separated in 1993, and at the time of trial had four children, only one of whom was a minor.

The Trial Judge, in awarding custody to the plaintiff father, stated: ". . . the minor

child shall be able to stay with her mother as much as she desires, subject to plaintiff's overall supervision."

The mother argues that the evidence preponderates against the Trial Court's award of custody to the father. Our standard of review of an initial custody determination is "*de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." *Hass v. Knighton*, 676 S.W.2d 554 (Tenn. 1984). Moreover, because custody decisions are factually based and often are determined by the credibility of the witnesses, our Court is hesitant to reverse the trial courts' decisions because the trial judge was present and was able to observe the witnesses testify and judge their credibility. *Adelsperger v. Adelsperger*, 970 S.W.2d 482 (Tenn. Ct. App. 1997).

The paramount concern in custody cases is the welfare and best interests of the child." *Koch v. Koch*, 874 S.W.2d 571 (Tenn. Ct. App. 1993). To determine what is in the child's best interests, courts are instructed to consider the issue in light of the factors set forth in Tenn. Code Ann. §36-6-106.

The evidence establishes that the child has emotional bonds and affection for each of her parents, in that she testified she had no problem with either parent, but simply preferred living with her mother at the time of the divorce hearing. From the time of the parties' separation in 1993 to 1999, she had lived with her father. The mother conceded that the daughter and father had a good, close relationship, and during the time the daughter lived with the father the mother had not been around, but did keep in touch by telephone and some visits.

The evidence established that the father was the primary care giver for the child during the years the mother was absent, and there was virtually no financial support from the mother. Also in the father's favor was the fact that he provided continuity and stability for the children during the years that mother was absent, assuring that their needs were met and their attendance at school. The daughter, during her testimony, expressed her preference for where she lived in this manner:

> Q.    So, just to make sure I understand, you have no problems with your dad, no problems with your mother, you would just prefer to live with your mother at this time.
>
> A.    Right.

The evidence does not preponderate against the Trial Judge's determination on this issue. Essentially, the Trial Judge determined that the father had been the stable care provider over the years, and would continue in that role and providing for the child's needs. The Judge made it clear that she would be able to "stay with her mother as much as she desired, but required the mother to contribute support for the child to the father, who would continue in his supervisory capacity as custodian."

We affirm the Judgment of the Trial Court on this issue, which renders moot the mother's issue regarding child support and insurance.

On the issue of property settlement, Tenn. Code Ann. §36-4-121(a)(1) instructs that the trial court is to "equitably divide" the parties' marital property "in proportions as the court deems just." Factors to take into account for an equitable distribution for the trial court to consider, are set forth in Tenn. Code Ann. §36-4-121(c).

Our review of the Trial Court's property distribution is *de novo* with a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Mondelli v. Howard*, 780 S.W.2d 769 (Tenn. Ct. App. 1989). The trial court has broad discretion in such matters, and its decision is given great weight on appeal. *Id.*

In this case, the court valued the parties' real property at $40,000.00, and awarded it to the husband. The husband was also ordered to pay all of the marital debts, which totaled $15,900.00, and was ordered to pay the wife $4,000.00 in installments, with husband's retirement being split equally between the parties.

The proof regarding the parties' real property was the testimony of the parties, wherein the father testified the house was worth approximately $30,000, and their half of the other land was worth approximately $5000.00. The mother testified she did not know what the other land was worth, but she felt the house was worth approximately $60,000.00. The was no professional appraisal of the property. The house is a habitat for humanity house which was purchased in 1982 for $32,000.00, and is apparently in need of significant repairs.

The evidence in this case does not preponderate against the Trial Court's valuation. *See Koch v. Koch*, 874 S.W.2d 571 (Tenn. App. 1993). The father had supported the parties' four children on his own for six years, and was able to keep the house and provide for all the children's needs with virtually no help from the mother, with much of the outstanding indebtedness being incurred in connection with these efforts. We conclude from all of the evidence and circumstances, that the property division was equitable. *See Ellis v. Ellis*, 748 S.W.2d 424 (Tenn. 1988).

The Judgment of the Trial Court is affirmed, with the cost of the appeal assessed to Cheryl Lynn Vincent, and the cause is remanded.

---

HERSCHEL PICKENS FRANKS, J.