# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 19, 2003 Session

## TERRY BAKER SMITHSON v. JAMES ALVIN SMITHSON, JR.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-001801-00      George H. Brown, Jr.**

---

**No. W2003-00204-COA-R3-CV - Filed December 23, 2003**

---

This is an appeal from a divorce action. Husband contends the trial court abused its discretion by granting Wife's motion in limine, establishing Husband's earning capacity based on 1998 and 1999 income tax returns, and by divesting Husband of his interest in the parties' assets. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Kaye G. Burson, Memphis, Tennessee, for the appellant, James Alvin Smithson, Jr.

C. Suzanne Landers and Vicki J. Singh, Memphis, Tennessee, for the appellee, Terry Baker Smithson.

### MEMORANDUM OPINION[1]

Terry Baker Smithson ("Wife") and James Alvin Smithson ("Husband") were married in 1988 and separated in September 1999. They have one minor child, born November 1991. Wife filed for divorce in April 2000 on grounds of irreconcilable differences and inappropriate marital

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

conduct. Husband counter-complained seeking divorce on grounds of irreconcilable differences and cruel and inhumane treatment.

At the time of trial, Wife was forty-three years of age and was employed full-time as a pharmacy assistant, earning $12.00 an hour. She completed one year of business school prior to marriage. Throughout the marriage, Wife was employed only intermittently, never earning more than approximately $25,000 a year.

Husband was forty-six at the time of trial. From 1995-1999, Husband earned between $132,611 and $733,435 per year, primarily from establishing and selling businesses. Husband's business interests include international interests in Thailand and Malaysia.

This record generated by this lawsuit includes, *inter alia*, what Wife accurately terms an "encyclopedic list of discovery pleadings," a consent order of protection which followed a "physical altercation" resulting in Husband's arrest, several contempt petitions filed by Wife, and Wife's emergency petition for sale of marital property. It also includes Wife's June 25, 2002, motion in limine and June 26, 2002, amended motion in limine to limit the evidence, establish facts as true, and dismiss Husband's counter-complaint. In her motion and amended motion, Wife alleged Husband violated the discovery process and sought relief under rule 37.02 of the Tennessee Rules of Civil Procedure. Wife's amended motion in limine moved the court to establish Husband's earning capacity at amounts reflected on his 1998 and 1999 income tax returns; to prohibit Husband from introducing other evidence relating to his income; prohibit Husband from claiming an interest in the parties remaining real or other assets, including five closely-held corporations owned by the parties; to dismiss Husband's counter-complaint; to find Husband in contempt for his discovery failures; and to award Wife her attorney's fees and expenses.

The matter was heard on June 26, June 27, and July 1, 2002. In October 2002, the trial court granted the parties a divorce and further granted Wife's motion in limine. By order of December 2002, the court awarded custody of the parties' minor child to Wife, and established child support at $4,464 per month. The court awarded Wife alimony in futuro of $2,000 per month and attorney's fees of $142,992. The court ordered Husband to maintain life insurance of $400,000 for benefit of the minor child and $500,000 for so long as alimony is owed, and ordered Husband to pay child's private school tuition. It further awarded Wife tax dependency exemption; divided the parties' debt; and awarded Wife $1,605,104 ($1,530,481 to equalize division of marital assets, $49,740 in unpaid *pendente lite* child support, $24,903 for dissipated marital assets). Husband now appeals to this Court.

### Issues Presented

Husband raises the following issues, as we perceive them, for our review:

(1)     Whether the trial court abused its discretion by granting Wife's motion in limine prohibiting Husband from putting on proof relating to his income and

-2-

earning capacity, marital assets, marital debts, and allegations of Wife's dissipation of the marital estate.

(2) Whether the trial court abused its discretion and erred by establishing Husband's earning capacity based on Wife's affidavit for the years 1998 and 1999, upon which the court established alimony and child support.

(3) Whether the trial court abused its discretion in divesting Husband of his interest in all assets, including the parties' closely held corporations and real estate, in awarding these assets to Wife, and in awarding Wife an additional $1,605,104.

### *Standard of Review*

To the extent these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. Tenn. R. App. P. 13(d); *Sullivan v. Sullivan*, 107 S.W.3d 507, 509 (Tenn. Ct. App. 2002). We may not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* at 510. With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *Id.* Insofar as the trial court's determinations rest upon an assessment of credibility, they will not be overturned absent clear and convincing evidence to the contrary. *Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn.1999).

### *Analysis*

Husband contends the trial court abused its discretion in granting Wife's motion in limine to prohibit Husband from introducing evidence of his income, earning capacity, and financial matters at trial. Husband contends that he did not fail to obey an *order* of the court. He accordingly argues that the sanctions imposed by the court were unwarranted under rule 37.

We begin our analysis of this issue by noting that we review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. In this case, the trial court specifically found that Husband abused the discovery process. The court found that Husband failed to provide banking records; failed to provide appropriate business records; failed to file tax returns for 1999, 2000, and 2001; and failed to make himself available for deposition. Upon review of the record, we agree with the trial court that, throughout the course of this matter, Husband attempted to frustrate and short circuit the discovery process. We decline to address Husband's argument that the court's decision to limit the evidence to that which was discovered at the time of the hearing is not supported by strict application of rule 37. Wife's motion in limine was filed the day before this matter was heard, and granted by the court after repeated discovery attempts by Wife. The court provided Husband every opportunity to provide evidence of his income and earning capacity before trial, and it acted well within its discretion to exclude surprise evidence by Husband. Husband may not abuse the discovery process and then assert abuse of discretion by the court when the court excludes

evidence that could and should have been discovered prior to the hearing of the matter. We affirm the trial court's granting of Wife's motion in limine.

Husband further asserts the trial court erred by setting child support and alimony based on Husband's income as reflected in Wife's affidavit. Wife's affidavit provides Husband's earnings based on Husband's income tax returns. The trial court established Husband's earning capacity as being that income reflected by Husband's tax returns for the years 1998 and 1999. Husband's child support obligation of $4,464 per month was based upon an average net monthly income of $21,257 as reflected by Wife's affidavit concerning Husband's tax returns for the years 1995 through 2000. We find no abuse of discretion in this determination.

Husband also contends the trial court abused its discretion in divesting Husband of his interest in the parties' marital assets, including five closely-held corporations and real estate, in awarding these assets to Wife, and in awarding Wife an additional $1,605,104. Courts are required to divide marital property equitably, not equally, penny for penny. *See Ellis v. Ellis*, 748 S.W.2d 424, 427 (Tenn.1988). One of the factors to be considered by the court in dividing the parties' property is one party's dissipation of the martial assets. Tenn. Code Ann. § 36-4-121(c)(5)(2001).

In this case, the court divested Husband of his interest in the parties' assets in conjunction with the grant of Wife's motion in limine and upon a finding of "tremendous dissipation of the marital estate" by Husband. The court awarded Husband assets totaling $2,567,168. On December 6, 2002, the court issued a writ of *capias ad respondem*, directing lawful authorities to take physical possession of Husband until such time as he could be brought before the court to answer charges pending, and a writ of attachment against Husband's property. Husband's counsel does not dispute that Husband currently is in Thailand, or that Husband has not paid child or spousal support since before trial.

Upon review of the record, and in light of the continual difficulty Wife and the trial court have had in obtaining a full accounting from Husband, the evidence does not preponderate against the determinations of the trial court. We affirm the division of property.

### *Conclusion*

Husband in this case has abused not only the discovery process, but the integrity of the court. The judgment of the trial court is affirmed in all respects. Costs of this appeal are taxed to Appellant, James Alvin Smithson, Jr., and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE