December 18, 1995

FOR PUBLICATION

IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE


NORMA SUE HARRISON,        (
                                (

    Plaintiff-Appellee,    (
                                (

                                (

                                ( Rutherford Circuit

                                (

v.                              ( Hon. Robert E. Corlew, III

                              ( Chancellor

                              (

                              ( No. 01S01-9412-CV-00153

JAMES NESBITT HARRISON,   (

                              (

    Defendant-Appellant.   (


For Plaintiff-Appellee:         For Defendant-Appellant:

Roger W. Hudson                William Kennerly Burger

Murfreesboro                    Murfreesboro


**O P I N I O N**

COURT OF APPEALS REVERSED;
REMANDED TO TRIAL COURT.                          REID, J.

This divorce case presents for review the judgment of the Court of Appeals, affirming the trial court, that a one-half undivided interest in a tract of real property is marital property within the meaning of Tenn. Code Ann. § 36-4-121(b)(1)(B) (1991). This Court finds that the interest is the husband's separate property, not marital property, thus requiring that the Court of Appeals' decision be reversed.

The parties were married in 1957. Both parties reside in Rutherford County, where the subject property is located. The husband, James Nesbitt Harrison, is a long-time employee of South Central Bell Telephone Company. His beginning wage was approximately $2,650 per year; his maximum annual compensation was $31,000. The record shows that the wife, Norma Sue Harrison, was employed outside of the home from 1957 until the birth of the parties first child in 1962 and from 1977 until the time of the divorce. The parties lived in Memphis during the first 16 years of their marriage, then, in 1973, they returned to Rutherford County.

The husband and wife experienced serious marital trouble beginning in 1973. The wife lived separately for approximately one year during 1980 and 1981. They reared two children, who now are non-dependent adults.

On January 19, 1993, the circuit court of Rutherford County entered an order granting the parties an absolute divorce on the mutual allegations of irreconcilable differences.[1] The only issue on appeal is whether a one-half undivided interest in certain land is marital property or the separate property of the husband.

In 1947, ten years prior to the parties' marriage, the husband's grandparents deeded a tract of land containing 125 acres to the husband's parents for their lives and, upon the death of the survivor, to the husband and his brother equally. The property in question, a 45 1/2-acre tract, is a portion of the original 125-acre farm. One lot included in the 45 1/2-acre tract is leased to Exxon, another lot is leased to Waffle House, and the remaining portion is undeveloped.

In 1968, Interstate Highway I-24 was constructed

_____

[1]Tenn. Code Ann. § 36-4-129 (1991).

across the 125-acre farm. Part of the farm was acquired by eminent domain. A note in the principal amount of $9,600 dated September 18, 1961, was paid in full immediately prior to the condemnation award. The trial court did not make a finding regarding the purpose of this loan which was retired. The construction of the interstate greatly increased the value of the farm. For example, the value of the 45 1/2-acre tract increased from $7,000 at the time of the parties' marriage to $1,361,750 at the time of their divorce. The parties acknowledge and the record shows conclusively that the sole cause of the increase in value was the construction of I-24.

Prior to the construction of the highway, the farm was used to pasture cattle owned by the husband and his parents. Prior to his death, the husband's father farmed and worked at a grocery store on a part-time basis. His mother was employed as a lab technician until she became disabled in 1961. She lived with the parties during the four year term of disability, after which she lived at Maryville College where she was employed as a housemother.

Although no records of the cattle business were presented at trial, the testimony shows that the proceeds from the sale of cattle was used primarily for the upkeep of

the farm and to pay the indebtedness.  The parties with their children returned to Rutherford County from Memphis on many weekends for the purpose of helping the husband's parents tend the cattle, repair fences, and perform other duties connected with the farm.  The husband's father died in 1966, prior to the construction of I-24.  His mother died in 1987, subsequent to the construction of I-24 and prior to the divorce.

After the construction of I-24 and prior to the divorce, portions of the original farm were sold or leased. Sales included:  Days Inn - $135,000; Shoney's - $87,500; Shoney's Inn - $150,000; Southgate Ventures - $850,338.  The Waffle House lot was leased for $450 per month and the Exxon lot for $825 per month.  Prior to the death of the husband's mother, proceeds from the sale of the property were divided by agreement between the husband, his mother, and his brother.  Subsequent to the mother's death and prior to the divorce, the proceeds were divided equally between the husband and his brother.

With proceeds received from sales and leases of portions of the property, the husband purchased a farm containing 154 acres, title to which was taken by the husband and wife as tenants by the entirety.  This tract, identified

in the record as the parties' "home place," was their residence prior to the divorce.  The husband did not contest that the home place was marital property.  In the division of assets found to be marital property, the following allocations were made:

Wife:  cash and certificates of deposit - $215,930.31; common stock - $26,474; proceeds from the sale of I-24 property to Southgate Ventures - $143,517; wife's IRA - $5,643; cemetery lots; automobile; one-half of the husband's South Central Bell retirement benefits valued at $12,500; and one-half of the husband's one-half interest in the 45 1/2-acre portion of the original farm, which one-fourth interest was valued by the court at $340,437.50; other miscellaneous personalty; and attorneys' fees of $7,500.

Husband:  cash - $4,550; proceeds from sale of I-24 property to Southgate Ventures - $95,000; 154-acre home place valued by the court at $248,144; husband's IRA - $5,258; automobile and trucks; livestock, farm equipment and supplies, valued by the court at $49,365; one-half of husband's retirement valued at $12,500; one-half of the one-half interest in the 45 1/2-acre tract valued by the court at $340,437.50; and other miscellaneous personalty.

As stated previously, the only item contested on appeal is a one-half undivided interest in the 45 1/2-acre tract, which undivided interest is valued at $680,875. The issue is determined by application of the following provisions of Tenn. Code Ann. § 36-4-121:

> (b)(1)(B) "Marital property" includes income from, and any increase in value during the marriage, of property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation and the value of vested pension, retirement or other fringe benefit rights accrued during the period of the marriage.
>
> (C) As used in this subsection, "substantial contribution" may include, but not be limited to, the direct or indirect contribution of a spouse as homemaker, wage earner, parent or family financial manager, together with such other factors as the court having jurisdiction thereof may determine.
>
> . . .
>
> (2) "Separate property" means:
>
> (A) All real and personal property owned by a spouse before marriage;
>
> (B) Property acquired in exchange for property acquired before the marriage;
>
> (C) Income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(l); and

        (D) Property acquired by a spouse
    at any time by gift, bequest, devise or
    descent.


        The trial court found the 45 1/2-acre portion of

the original farm to be marital property.  The trial court

based its finding that the wife had substantially contributed

to the property's preservation and appreciation on the proof

that the wife had helped the husband and his parents with the

care of the cattle and that payments on an indebtedness

secured by a deed of trust on the farm had been made from

funds owned by the husband and wife.


        The Court of Appeals disagreed with the trial

court's decision that those circumstances were sufficient to

convert the husband's estate in the property into marital

property.  The Court of Appeals found, however, that the

amount whereby the 45 1/2-acre tract had increased in value

during the marriage of the parties was marital property, and

determined that amount to be $677,375 ($680,875 less $3,500).


        This Court finds that application of the statute

to the facts of this case requires the conclusion that the

husband's interest in the 45 1/2-acre tract of land is his

separate property rather than marital property.

Both the trial court and Court of Appeals correctly found that the husband's interest in the property originally was separate property of the husband. The estate in the property acquired by the husband and the date on which that estate was acquired are significant in making that determination. The estate acquired was a vested remainder subject to life estates in the husband's parents. See In re Walker, 849 S.W.2d 766, 769 (Tenn. 1993). There was no further conveyance to the husband. Pursuant to that conveyance, the husband's parents owned joint life estates in the property until the father's death, after which the mother owned a life estate in the property until her death. Upon the death of the husband's mother, the husband became the owner in fee of a one-half undivided interest in the tract in question. See Ogle v. Ogle, 880 S.W.2d 668, 669-70 (Tenn. 1994); 21 Tenn. Juris., Remainders, Reversions and Executory Interests, § 24 (1985). Consequently, the property was owned by the husband before marriage, within the meaning of subsection 36-4-121(b)(2)(A),[2] and was, therefore, his separate property.

The trial court found that the wife substantially

_____

[2]Though not determinative of the essential issue presented in the case, the husband apparently received his interest in the property from his grandfather as a gift, within the meaning of subsection 36-4-121(b)(2)(D).

contributed to the preservation and appreciation of the husband's separate property within the meaning of subsections (b)(l)(B) and (C), thereby converting his estate into marital property. The Court of Appeals found that the record does not support the trial court's conclusion that the wife's activities were sufficient to convert separate property into marital property. Implicit in the Court of Appeals' decision is the conclusion that the wife's activities did not substantially contribute to the preservation and appreciation in value of the property. That finding by the Court of Appeals is consistent with the acknowledgement by both parties that the sole cause of the appreciation in value was the construction of I-24. There is no finding by either court that payments on the note secured by a deed of trust on the farm was for the purpose of "preserving" the husband's estate in the farm.[3]

The Court of Appeals correctly found that the husband's estate in the property increased in value during

_____

[3]Pretermitted is any discussion of the further circumstance that the wife's activities occurred while the farm was subject to the exclusive use and control of the husband's parents as life tenants. "A life tenant of land is a quasi trustee for the remainderman. He cannot, therefore, be allowed to so deal with the property as to defeat that remainder." Morrow v. Person, 195 Tenn. 370, 381, 259 S.W.2d 665 (1953); see also Holley v. Marks, 535 S.W.2d 861, 862 (Tenn. 1976).

the marriage, but that court failed to apply the statutory conditions which must be met before the increase that occurred during marriage becomes marital property. Subsection (b)(l)(B) provides that the increase in value during marriage is marital property "if each party substantially contributed to its preservation and appreciation."

Even though the Court of Appeals found that the wife did not substantially contribute to the preservation and appreciation of the property, it, nevertheless, found that the value whereby the farm increased as the result of the construction of I-24 was marital property. The statute does not permit the conclusion that <u>any</u> increase in value during marriage constitutes marital property. The increase in value constitutes marital property only when the spouse has substantially contributed to its preservation and appreciation. In <u>Ellis v. Ellis</u>, 748 S.W.2d 424 (Tenn. 1988), the issue was whether the value of marital property was limited to the cost of the husband's contribution or extended to the entire amount whereby the property had increased during marriage. In explanation, the Court stated:

> The only condition imposed in the statute for treating any increase in value during the marriage as marital

property is the provision, "if each party substantially contributed to its preservation and appreciation." This condition was amply supported in the evidence. As above mentioned, the Court of Appeals in its own findings found that the husband had contributed $5,544 on improvements to the big house property. This clearly proved that the husband had "substantially contributed to its preservation and appreciation," as found by the trial judge. This evidence satisfied the condition thus required but it did not limit the husband's right to share in the full appreciation of the property during the marriage to the amount which he alone had thus contributed to its maintenance and repair. Having established that the condition had been complied with, the husband was entitled to share fully in the whole appreciation and value of the big house property during the marriage.

Id. at 427. Application of the rule stated in Ellis to the facts of this case would require the conclusion that if the evidence proved that the wife had contributed substantially to the preservation and appreciation in value, the entire amount of the increase in value would be marital property; but, since the evidence does not show that the wife substantially contributed to the preservation or appreciation of the property, the increase in its value is not marital property.

The conclusion is that the one-half undivided interest in the 45 1/2-acre tract of land is the husband's

-12-

own separate property, not marital property.

The decision of the Court of Appeals is reversed, and the case is remanded to the trial court.

Costs of appeal are taxed against the wife.

_____
Reid, J.

Concur:

Anderson, C.J., Drowota, Birch, and White, JJ.

-13-