CRAWFORD, Presiding Judge,
Western Section, concurring in part, dissenting in part.
I concur in the majority opinion insofar as it affirms the judgment of the trial court. However, I must respectfully dissent from the majority opinion, which reverses the trial court’s decision concerning the division of the increase in value of the Heartland stock.
The trial court accredited the testimony of Husband’s CPA that without the consolidation of Miller’s assets with those of Heartland there was a small loss in Heartland’s book value. The proof showed that the Heartland increase in book value resulted from the consolidation of Miller’s assets with those of Heartland. While, as the majority opinion states, the parties agree that Wife contributed during the marriage to the increase in the value of the Heartland stock, I construe this to mean normal increases in value to which Wife could have been said to have lent her assistance in preserving and appreciating the stock. It does not appear that the parties contemplated the agreement to apply to an unexpected or fortuitous event, with which the Wife had nothing to do and did not in any manner participate. In Harrison v. Harrison, 912 S.W.2d 124 (Tenn.1995), our Supreme Court stated on this point
The statute does not permit the conclusion that any increase in value during marriage constitutes marital property. The increase in value constitutes marital property only when the spouse has substantially contributed to its preservation and appreciation.
Id. at 127 (emphasis in original).
I do not believe that the evidence preponderates against the trial court’s finding that any increase in value was not marital property and, therefore, would affirm the trial court’s judgment.