IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 12, 2002 Session

# WILLIAM W. DAVIS, JR., v. KAREN A. DAVIS

**Direct Appeal from the Chancery Court for Knox County**
**No. 140084-1     Hon. William M. Dender, Chancellor**

**FILED JANUARY 31, 2003**

**No. E2002-01404-COA-R3-CV**

In divorce action the Trial Court ordered husband to pay alimony and ordered division of marital property.  The Judgment is affirmed as modified.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed, as Modified, and Remanded.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., joined. WILLIAM H. INMAN, SR. J. (not participating.)

William W. Davis, Knoxville, Tennessee, for Appellant.

Brent R. Watson, Knoxville, Tennessee, for Appellee.

## OPINION

In this divorce action, the Trial Court ordered the husband to pay $16,810.00 to wife in the property division, alimony *in futuro* $1,250.00 per month, provide health insurance to the wife and maintain life insurance in the amount of $100,000.00 payable to the wife.  The husband has appealed the Trial Court's Judgment.

The issues on appeal relate primarily to the division of property and the award of alimony *in futuro* to the wife.

The parties were divorced after 8½ years of marriage, although they were separated

for a considerable period of time during the marriage.

The course of the marriage was tumultuous and stormy, plagued by hostility and provocative and extreme behavior of both parties. The Trial Court presided over the proceeding with firmness, remarkable patience and restraint, and matters in the record that encompass reprehensible conduct by both parties will not be detailed on appeal.

The husband is a practicing attorney aged 55, and reported separate assets of $333,000.00 and separate debts of $357,000.00. He testified his monthly income was $5,435.00 per month, with expenses of $7,659.00. The Court found this not to be credible. His annual income averages approximately $70,000.00 per year, with a bonus of $20,000.00 to $40,000.00. At issue are the proceeds of an insurance payment of $8,000.00 for the wife's stolen Mazda automobile. The Court initially ruled the wife the option of receiving the BMW, subject to its remaining debt of $13,000.00 after a $5,000.00 credit or $5,000.00 cash. He then decided, however, that the wife could not financially assume the debt and ordered that she receive $5,000.00. The insurance payment of $8,000.00 was the basis for the award.

In 1999, the husband purchased a house for $227,000.00, the parties residence for a brief time when they were attempting to reconcile. The wife would not sign a waiver of her homestead interest which would permit the husband to close the mortgage on the house, as he did not want her to obtain any interest in the property. As a result, the property was placed in an irrevocable trust as the legal owner with the husband as beneficiary and personally liable for the indebtedness. The trust would terminate upon the finalization of the divorce. This property is encumbered with a total debt of $325,000.00. The husband is indebted to his father, William Davis, Sr., in the amount of $73,500.00, which is secured by the property. The wife testified to various repairs and improvements made to the property, and her contribution to these renovations, on the basis that it would be her marital home. The Court found the property's status in trust was highly questionable, and "bordering on a sham", but that he had no evidence to void the trust. The Court held the wife was entitled to $11,810.00 as a marital share for the improvements.

Wife was 45 years old at the time of trial. She had been a successful real estate agent in the past earning about $42,000.00 in 1996. Testimony indicates she had been a successful sales person, but she abandoned her occupation and testified that when they reconciled husband told her he did not want her to work. She has been diagnosed with severe mental and emotional conditions, including depression, bipolar disorder, post-traumatic stress syndrome, attention deficit disorder, and alcohol and chemical abuse. Some of her conditions predated the marriage, but the record indicates that her condition has greatly deteriorated over the stressful course of the marriage. She takes expensive medications and often cannot afford them, causing her to achieve little consistent improvement and relief of her symptoms. She has made no meaningful attempt to find work. She has slept in her car or in a friend's basement, and had no funds for daily subsistence, nor the funds to get an apartment and utilities.

Ultimately, the Court found a guardian was necessary in this case, but the Court found

the wife had not proffered evidence that she was insane at the time the complaint or counter-complaint was filed, nor had she refuted husband's More Specific Statement of Facts and Requests to Admit graphically describing the wife's extreme conduct. These were therefore deemed admitted.

The Court then ruled that the wife was unable to work in her present mental, physical and emotional condition, and she was not presently subject to rehabilitation, although he stated she might be sometime in the future.

The Trial Court's findings of fact are subject to *de novo* review with a presumption of correctness, unless the evidence preponderates otherwise. *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 744 (Tenn. 2002); Tenn. R. App. P. 13(d). The standard applies to issues of classification and distribution of property. *Dunlap v. Dunlap*, 996 S.W.2d 803, 814 (Tenn. Ct. App. 1998). Questions of law are reviewed without a presumption of correctness, as are mixed questions of law and fact, but the reviewing court "has great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal." *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995).

The husband argues that the marriage was of short duration, and the Trial Court never ruled that the marriage was of long or short duration. However, the duration of a marriage is but one of several statutory factors that the Court must consider. The Trial Court meticulously went through each individual factor before making its ruling. Moreover, rehabilitative alimony for a period of six years has been held proper where the duration of a marriage was as short as six months. *McCoy v. McCoy*, 1987 Tenn. App. Lexis 2835, No. 86-249-II.

Spousal support decisions are afforded great latitude and discretion on appeal. *See Crawford v. Cranford*, 772 S.W.2d 48, 50 (Tenn. Ct. App. 1989); *Crabtree v. Crabtree*, 16 S.W.3d 356, 360 (Tenn. 2000). The propriety of an award and the appropriate amount depend upon the unique facts in each case. *Lindsay v. Lindsay*, 976 S.W.2d 175 (Tenn. Ct. App. 1997). Appellate courts are disinclined to alter such decisions unless they are not supported by evidence or contrary to the public policy embodied in the applicable statutes. *Gilliam v. Gilliam*, 776 S.W.2d 81, 86 (Tenn. Ct. App. 1988).

The legislature has expressed a preference for rehabilitative alimony to assist an economically-disadvantaged spouse to become self-sufficient. However, the award is predicated upon a finding that the recipient can be rehabilitated. *Crabtree*, 16 S.W.3d at 360. To justify an *in futuro* award requires a finding that the spouse cannot be rehabilitated. *Id.; Kincaid v. Kincaid*, 912 S.W.2d 140, 143 (Tenn. Ct. App. 1995).

The Trial Judge in this case was equivocal regarding whether the wife might be rehabilitated at some future time. *See Storey v. Storey,* 835 S.W.2d 593 (Tenn. Ct. App. 1992). In conceding that the wife might be rehabilitated, the Court improperly shifted the burden to the husband to prove that alimony would not be justified at some future time.

There is no evidence in the record that the wife will never be capable of functioning and supporting herself at some future time. The testimony of her treating psychiatrist was confined to the capacity to cooperate effectively with counsel and the need for a guardian *ad litem*. He stated that she would have a greater likelihood of improvement if she did not abuse drugs and alcohol, and he further testified that he had other patients with similar diagnoses, who had led successful and productive lives. There is other evidence that the wife is able, at times, to control and direct her behavior to accomplish her objectives. *See also, Sievers v. Sievers*, 1996 WL 480855 at n.5, No. 03A01-9603-CV-00082. We believe that the evidence and the law requires us to reclassify the alimony as rehabilitative in nature, and the award of alimony of $1,250.00 a month will be continued for a period of five years. Rehabilitative alimony is subject to continuing judicial review if there are material changes in circumstances. *See Kincaid v. Kincaid*, 912 S.W.2d 140, 143 (Tenn. Ct. App. 1995). T.C.A. §36-5-101(d)(2).

The husband argues that he should not be required to purchase a life insurance policy to secure the alimony obligation, because no proof at trial was offered on the issue. Wife's counsel requested the relief at the close of the trial while the Court was announcing its ruling.

The Order to obtain life insurance to secure the obligation was a remedy available to the Trial Court. *See* Tenn. Code Ann. §36-5-101(g), and *see Cunningham v. Cunningham*, 2000 WL 33191364 at *9. *Accord, Emison v. Emison*, 1999 WL 1336054 at *12, and *Dix v. Carson*, 1998 WL 886555 (Dec. 17, 1998). We find no abuse of discretion in the Trial Court's ruling on this issue.

On the foregoing issue, the husband argued that he was denied the opportunity to put on proof regarding fault, and if the Court had heard all of his evidence it would have denied the wife alimony. If the Trial Court was in error in limiting the proof on fault, it was harmless error, given the Judge meticulously balanced the factors he was required to consider in making his ruling. The Judge specifically referred to his opinion about fault as it relates to alimony. *See Wright v. Quillen*, 909 S.W.2d 804, 813 (Tenn. Ct. App. 1995). The record is clear that "both of these parties are guilty of many acts, not one, of inappropriate marital conduct." The Judge, who was eventually appointed for the case, was familiar with the facts and stated he was going to consider "all of the evidence of past hearings, as well as the current evidence without objection on the part of anybody." No objection was made to this, and we conclude that the issue is without merit.[1]

As to the property division, the wife does not challenge the validity of the trust on appeal. However equity looks to the substance, rather than the form of such transactions, and the Trial Court made a factual determination as to the value of the improvements/maintenance/repairs, and awarded the wife $11,500.00. Where a spouse shows a substantial contribution to the preservation and appreciation of separate property, such as real estate, the increase will be subject to a division as marital property under Tenn. Code Ann. §36-4-121(b)(1)(B). *Harrison v. Harrison*,

---

[1] It should be noted that the fault issue was determined early in the trial. Nevertheless, both parties continually interjected their accusations throughout the trial, despite open exasperation and numerous rebukes from the bench.

912 S.W.2d 124, 127 (Tenn. 1995); *Ellis v. Ellis*, 748 S.W.2d 424 (Tenn. 1988). Husband argues that the expenditures on the house were not improvements, but maintenance and repair. This can be a distinction without a difference. *See Ellis.* Husband additionally argues that the property is mortgaged for more than $100,000.00 more than its purchase price, but its value has not increased. The Trial Court erred by calculating its award based upon the cost of maintenance and improvements. *See Mondelli v. Howard*, 780 S.W.2d 769 at 774 (Tenn. Ct. App. 1989). The purchase price of the house was undisputed, but the parties varied greatly in their opinions of its present value, and the Court made no finding of the house's value. The husband did testify that the house, bought in 1999 for $227,000.00, but it was mortgaged for $325,000.00.

The overall fairness of a property division is determined by the final results. *Wade v. Wade*, 897 S.W.2d 702, 717 (Tenn. Ct. App. 1994). Failure of the Trial Court to make complete finding of facts and conclusions of law will not in all cases require a reversal. *See Bruce v. Bruce*, 801 S.W.2d 102 (Tenn. Ct. App. 1990). While the Trial Court incorrectly based the award on repairs and improvements to the house, there is other evidence to support the award. The Judge was greatly troubled by the suspicious nature of putting the property in an irrevocable trust "bordering on a sham". He specifically found it unfair to the wife that the trust terminates upon the conclusion of the divorce. As we have noted, the trust was created because the wife would not release her homestead rights in the marital residence. The Court was further concerned with the fact that $50,000.00 of debt had been incurred since January 2001, and the husband had take two expensive trips to Europe subsequent to that date. Finally, there was evidence that the wife brought $16,000.00 cash inheritance into the marriage that was intended to be contributed toward a down-payment for the house. That fund was dissipated, and the Trial Court did not account for it in his ruling. Taking into account all the evidence and the overall equities of the case, we affirm the award made by the Trial Court.

Finally, the husband insists the Court erred in awarding attorney's fees and in the calculation of past due support.

The issue of $1,000.00 arrearage in temporary support payments is straightforward. An Order entered December 18, 2001, *nunc pro tunc* for June 7, 2001, ordered the payment of temporary support plus a rent allowance totaling $2,000.00 per month. An additional $1,000.00 was ordered for the month of June 2001 for a rent deposit on wife's behalf, balance to be returned upon vacation of the apartment. The guardian testified she did not receive the additional $1,000.00 in June. The husband argues that he paid $1,000.00 in late May which should be applied to the June payment, and he made two additional payments in June of $1,000.00 each. He argues that the payments were prospective, rather than retroactive. He did not produce any evidence, such as cancelled checks, to document what he had paid. The Court heard the testimony and exercised its discretion as to credibility in the wife's favor.

Attorney fee awards are within the wide discretion of the trial court, and if a spouse does not have separate property in which to adequately defray her legal expenses, an award is appropriate. *See Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983); *Smith v. Smith*, 912 S.W.2d 155

(Tenn. Ct. App. 1995).

The wife was in a desperate economic circumstance.  She had limited assets, and in making the modest award of $2,000.00, the Trial Judge commended wife's counsel for exemplary and diligent representation under trying circumstances.  We find no abuse of discretion in the small award of attorney's fees to the wife.

The Judgment of the Trial Court is affirmed, as modified, as detailed herein, and the cost of the appeal is assessed one-half to William W. Davis, Jr., and one-half to Karen A. Davis.


_____
HERSCHEL PICKENS FRANKS, J.