IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 7, 2003 Session

## BEVERLY GAYLE WILSON v. THOMAS RANDALL WILSON

Direct Appeal from the General Sessions Court for Jackson County
No. 1500-C-134    Steven A. Cassety, Judge

No. M2002-02286-COA-R3-CV - Filed September 30, 2003

This appeal arises from an order of the trial court distributing 25% of the increase in value of the husband's business to the wife as marital property. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Bobby James Ellis, Gainesboro, Tennessee, for the appellant, Thomas Randall Wilson.

John Philip Parsons, Cookeville, Tennessee, for the appellee, Beverly Gail Wilson.

### OPINION

The parties were divorced for the first time in October of 1994. As part of the Marital Dissolution Agreement, the Appellee, Beverly G. Wilson ("Ms. Wilson"), relinquished all interest in Wilson Brothers Disposal ("Business") giving Appellant, Thomas Randall Wilson ("Mr. Wilson"), sole and separate interest in the business. The parties remarried on October 17, 1996, with Ms. Wilson owning no interest in the business.

During the second marriage, Ms. Wilson quit her job working for the State of Tennessee to begin working for the business. While working for the business, Ms. Wilson presented evidence that she answered phones, took care of the books, helped secure contracts for the business, wrote checks for the business, helped load garbage on trucks, painted dumpsters, and helped to secure containers riding on the trucks. For this work, Ms. Wilson received compensation of $200 per month to pay for her and Mr. Wilson's health insurance. After Mr. and Ms. Wilson separated in January of 1999, Ms. Wilson had no further involvement with the business.

Ms. Wilson filed for divorce on February 5, 1999. In the complaint, Ms. Wilson requested an award of an equitable marital interest for the increase in the value of the business. The divorce was granted on August 16, 2001. On November 28, 2001, the trial court entered an order requiring Mr. Wilson to supply all financial information relating to himself and the business to Ms. Wilson. A hearing for the distribution of marital property was held on June 24, 2002. At that hearing, Ms. Wilson offered two valuations of the business prepared by a Certified Public Accountant ("expert") as proof of the increase in the business's value. The first valuation, $250,000, represented the value of the business at the time of the second marriage, October of 1996, and the second valuation, $550,000, represented the value of the business as of December 31, 1999. At trial, Ms. Wilson's expert explained that she arrived at these going concern values by using accounting procedures based on the business's financial records. The expert also explained that she used December 31, 1999, as the date of final valuation because Mr. Wilson only supplied financial information up to that date, despite the trial court's order requiring production beyond that date.

In the trial court's final order, entered July 19, 2002, the court found that Ms. Wilson had contributed substantially to the improvements of the business and awarded her $37,500 as an equitable distribution of the marital interest in the business's increase in value.[1] In addition, the trial court ordered Mr. Wilson to pay Ms. Wilson the discretionary costs of $2,400 representing the costs of appraisal. It is from these awards that Mr. Wilson appeals.

## Issues Presented

Mr. Wilson asserts that the trial court committed the following errors, which he presents for our review:

1.  The trial court erred in finding Mr. Wilson's interest in the business to be marital property.

2.  The trial court erred in finding that Ms. Wilson substantially contributed to the preservation and appreciation of the business.

3.  The trial court erred in finding that the December 31, 1999 appraisal represented an accurate value of the business as of the date of divorce.

4.  The trial court erred in its award to Ms. Wilson of the discretionary costs of appraisal.

## Standard of Review

_____

[1] The trial court arrived at $37,500 as an equitable distribution by dividing the increase in value figure of $300,000 by the parties' share, $150,000, from the other co-owners of the business and then awarding Ms. Wilson 25% of the parties' share amounting to $37,500.

The determination of whether property is jointly owned and the value as to a party's interest in that property is a question of fact. *Cutsinger v. Cutsinger*, 917 S.W.2d 238, 241 (Tenn. Ct. App. 1995) (quoting *Hardin v. Hardin*, 689 S.W.2d 152, 154 (Tenn. Ct. App. 1983). Our review of findings of fact by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the finding, unless the preponderance of evidence is otherwise. Tenn. R. App. P. 13(d); *Farrar v. Farrar*, 553 S.W.2d 741, 743 (Tenn. 1977).

## Determination of Marital Property

In response to Mr. Wilson's first issue, it is undisputed that the business was Mr. Wilson's separate property from the beginning and throughout the marriage. However, the determination of the trial court and this Court rests on the classification of the business's increase in value as separate or marital property. It is to this issue that our analysis turns.

The trial court based its determination of marital property on Tenn. Code Ann. § 36-4-121(b)(1)(B),-(D) (Supp. 2002) which provides in pertinent part:

> (B)    "Marital property" includes . . . *any increase in value* during the marriage of, *property determined to be separate property* in accordance with subdivision (b)(2) if each party *substantially contributed* to its preservation and appreciation. . . .
>
>     . . . .
>
> (D)    As used in this subsection, "substantial contribution" may include, but not be limited to, the direct or indirect contribution of a spouse as homemaker, wage earner, parent or family financial manager . . . . (emphasis added)

The increase in value of separate property is considered to be marital property only when the non-owner spouse substantially contributes to the property's preservation and appreciation. *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 746 (Tenn. 2002) (citing *Harrison v. Harrison*, 912 S.W.2d 124, 127 (Tenn. 1995). Before the appreciation of the property is considered marital, there must be some link between the efforts of the spouse and the property's appreciation. *Id*.

The trial court found that Ms. Wilson's employment and overall involvement with the business substantially contributed to its preservation and appreciation resulting in the court's finding the increase of the business's value as marital property. As such, the determination of whether this increase is separate or marital property is a question of fact. *Cooke v. Cooke*, No. M2001-03026-COA-R3-CV, 2003 WL 21392003, at *5 (Tenn. Ct. App. June 17, 2003) (*no*

*perm. app. filed*) (citing *Cutsinger*, 917 S.W.2d at 241). The trial court's classification determination is entitled to great weight on appeal and is presumed correct unless the preponderance of evidence is otherwise. *Cooke*, 2003 WL 21392003, at *5 (citing Tenn. R. App. P. 13(d); *Langschmidt*, 81 S.W.3d at 744; *Wilson v. Moore*, 929 S.W.2d 367, 372 (Tenn. Ct. App.)).

In this case, Ms. Wilson quit her job to begin working with the business. The record indicates that Ms. Wilson assisted in the daily operations of the business by painting dumpsters, answering phones, and securing containers on the trucks. It is also evident that she was involved with administrative duties of the business by writing checks, securing contracts, and taking care of the books. Mr. Wilson argues that Ms. Wilson was compensated for this work but the record indicates that Ms. Wilson only received the nominal compensation of $200 a month that was used for both Mr. and Ms. Wilsons' insurance. Upon reviewing the record, the evidence does not preponderate against the trial court's finding that Ms. Wilson's involvement with the business substantially contributed to the preservation and appreciation of the business making the increase in the business's value marital property. Accordingly, we affirm the trial court's classification of the business's increase in value to be marital property.

### Appraisal Valuation

Mr. Wilson next argues that it was reversible error for the trial court to base its finding of the business's increase in value on a valuation that was performed over two years before the distribution of marital property. Mr. Wilson's argument is not without merit but his actions preclude its assertion.

In order for a non-owner spouse to claim an equitable share of the increase in value of separate property, that spouse must prove, *inter alia,* an increase in value of the separate property during the marriage. *Cutsinger v. Cutsinger*, 917 S.W.2d 238, 241 (Tenn. Ct. App. 1995). Further, Tenn. Code Ann. 36-4-121 (b)(1)(A) (Supp. 2002) requires that "[a]ll marital property shall be valued as of a date as near as possible to the date of entry of the order finally dividing the marital property."

In this case, the proper date for the ending valuation would be as close as possible to the final order, July 19, 2002. Mr. Wilson argues that the December 31, 1999, valuation date is not as near as possible to that date and the trial judge committed reversible error by basing its findings upon such a date. However, the record indicates that the 1999 date was used by the expert because Mr. Wilson failed to deliver any financial information beyond that date despite an order from the trial court requiring further production. As a result, Mr. Wilson is precluded from asserting a premature valuation when such valuation is a product of his own doing. Accordingly, we affirm the trial court's use of the December 31, 1999, valuation date as timely under the circumstances.

-4-

**Appraisal Cost Award**

Mr. Wilson argues that the appraisal presented was not an accurate valuation and as a result the cost of such appraisal cannot be awarded. As the preceding part explains, the appraisal was accurate under the circumstances and the cost may be awarded as discretionary in accordance with Tenn. R. Civ. P. 54.04(2). The awarding of such costs is a matter within the discretion of the trial court. *Lock v. Nat'l Union Fire Ins. Co.*, 809 S.W2d 483, 490 (Tenn. 1991). We find no abuse of the trial court's discretion in awarding these costs. Accordingly, we affirm the trial court's order requiring Mr. Wilson to pay the discretionary costs and costs of the expert amounting to $2,400 to Ms. Wilson.

**Conclusion**

We affirm the trial court's equitable distribution of 25% of the increase in the business's value to Ms. Wilson as marital property. The costs of this appeal are taxed to the Appellant, Mr. Wilson, and his surety, for which execution, if necessary, may issue.

_____
DAVID R. FARMER, JUDGE