IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 5, 2009 Session

**IRIS KAY SNODGRASS v. ROBERT H. SNODGRASS**

**Appeal by permission from the Court of Appeals, Eastern Division**
**No. 9446     William H. Russell, Judge**

---

**No. E2007-00576-SC-R11-CV - Filed October 9, 2009**

---

GARY R. WADE, J., concurring in part and dissenting in part.

I concur in the majority's conclusion that Mr. Snodgrass's 401(k) account was not transmuted to marital property when he withdrew a portion of its funds for the purchase of a family home, as well as its holding regarding the division of the parties' pensions. I further agree with the majority's determination that 401(k) accounts are "retirement . . . benefit rights relating to employment" for the purposes of Tennessee Code Annotated section 36-4-121(b)(1)(B), and that the contributions made by Mr. Snodgrass and Mrs. Snodgrass prior to the marriage (the "premarital contributions") should be classified as separate property because they did not, as the statute requires, "accrue[] during the period of the marriage." I disagree, however, with the rationale by which the majority concludes that the increase in the value of the premarital contributions qualified as marital property. Instead, I would remand for consideration of whether the increases in value could be traced to the premarital contributions of each to their respective 401(k)s and have not been subjected to commingling (inextricably mingled with marital property) or, in the alternative, whether the increases became marital through the concept of substantial contribution (to the preservation and appreciation of the premarital contributions).

I.     Interpretation of Section 36-4-121(b)(1)(B)

The disposition of this issue depends upon our interpretation of the governing statute, particularly the last eight words. The pertinent portion of the statute provides as follows:

> "Marital property" includes income from, and any increase in value during the marriage of, property determined to be separate property . . . if each party substantially contributed to its preservation and appreciation, and the value of vested and unvested pension, vested and unvested stock option rights, retirement or other fringe benefit rights relating to employment <u>that accrued during the period of the marriage</u>.

Tenn. Code Ann. § 36-4-121(b)(1)(B) (2005) (emphasis added).

As stated by the majority, this statute addresses two forms of marital property: (1) that so

classified by substantial contribution and (2) pension, stock option rights, and retirement or other fringe benefit rights that accrued during the period of the marriage. The majority interprets "retirement or other fringe benefit rights relating to employment that accrued during the period of the marriage" to include as marital property any increase in value of an employment-related retirement benefit right that occurs during a marriage, even when the retirement benefit rights were acquired before the marriage. See Black's Law Dictionary 22 (8th ed. 2004) ("*accrue* . . . 2. To accumulate periodically <the savings-account interest accrues monthly>."). While that definition might tend to support the majority's interpretation, I believe that section 36-4-121(b)(1)(B) directs that accrual, in context, occurs on the date (or dates) the retirement benefit right is earned or acquired, not the dates of its appreciation or the increases in its value. See Black's Law Dictionary at 22 ("*accrue* . . . 1. To come into existence as an enforceable claim or right; to arise . . . ."); id. at 301 ("*accrued compensation*. Remuneration that has been earned but not yet paid."); id. at 778 ("*accrued income*. Money earned but not yet received."); id. at 1347 ("*accrued right*. A matured right; a right that is ripe for enforcement . . . ."). That is, the retirement benefit right accrued prior to, not "during the period of the marriage." Tenn. Code Ann. § 36-4-121(b)(1)(B).

Indeed, the language in the statute is ambiguous. Initially, the two definitions of "accrue" cited above may be read together to permit not only the interpretation to which I subscribe, but also that of the majority. Moreover, it is unclear whether "accrued during the period of the marriage," the concluding phrase in the paragraph, modifies the term "value" or the term "rights." Because the statute *is* ambiguous, however, the history of the legislation and our prior interpretations of the specific language should guide our thinking, and, I believe, would lead us to a conclusion the majority has failed to embrace. See Parks v. Tenn. Mun. League Risk Mgmt. Pool, 974 S.W.2d 677, 679 (Tenn. 1998) (holding that, where statutory language is ambiguous, an examination of the context may be helpful).

A.     The Adoption of the Relevant Language
Language similar to the provision at issue was first added in 1983, when the General Assembly enacted a substantial overhaul of the law governing the division of property and the award of support and maintenance in divorce cases. Act of May 12, 1983, 1983 Tenn. Pub. Acts 798, 800 (the "1983 Act"). Notably, the 1983 Act addressed retirement rights as part of the larger category of property acquired by a spouse during a marriage:

> Marital property means <u>all real and personal property</u>, both tangible and intangible, <u>acquired by either or both spouses during the course of the marriage</u> and presently owned by either or both spouses; <u>including . . . the value of vested pension, retirement or other fringe benefit rights accrued during the period of the marriage</u>.

Id. at ch. 414, § 4(b)(1) (emphasis added). Although the current version of section 36-4-121(b)(1) has broken its definition of marital property into multiple subsections and no longer explicitly refers to the value of retirement rights as "property . . . acquired . . . during the course of the marriage," I have found nothing to suggest that the General Assembly has elected to define marital property on a basis other than the time the right is acquired. In my assessment, the original language of the statute supports the conclusion that retirement benefit rights should be initially classified as either marital or separate based upon the timing of the acquisition.

B.    Precedents Construing Section 36-4-121(b)(1)

In Cohen v. Cohen, 937 S.W.2d 823 (Tenn. 1996), we used language suggesting that the date of acquisition controlled on the question of whether property qualified as marital or separate property.  The Cohens were married in 1982, and the husband's employer began contributing to his retirement plan in 1987, so there were no premarital contributions.  We granted permission to appeal in order to determine "whether an interest in an unvested retirement plan is marital property" pursuant to section 36-4-121(b)(1).  Id. at 825.  While determining that the benefits were marital property, this Court, in multiple instances, used language stressing that the statutory reference to the time of accrual referred to the accrual of the benefit right – as opposed to accrual of additional value through appreciation:

> (1) "Though not necessary to our conclusion, we note that courts of other states and our own Court of Appeals are in accord with our conclusion that unvested retirement benefits accruing during the marriage constitute marital property";
> (2) "A spouse who is primarily a homemaker would be seriously disadvantaged by the inability to claim a portion of the retirement benefits that accrued during the course of the marriage";
> (3) "Only the portion of retirement benefits accrued during the marriage [is] marital property subject to equitable division";
> (4) "We, therefore, conclude that marital property includes retirement benefits, both vested and unvested[,] which accrue during the marriage";
> (5)  "An interest in a retirement benefit, vested or unvested, accruing during the marriage, is marital property subject to division under Tennessee Code Annotated Section 36-4-121(a)(1)."

Id. at 829-30 (emphasis added).  Each reference serves as an indication that "accrued during the period of the marriage" meant acquired during that time.

Furthermore, the Cohen opinion expressed concurrence with the Rhode Island Supreme Court's rationale for treating retirement benefits accrued during a marriage as marital property:

> To the extent earned during the marriage, the benefits represent compensation for marital effort and are substitutes for current earnings which would have increased the marital standard of living or would have been converted into other assets divisible at dissolution.  Subjecting the benefits to division is just, because in most cases the retirement benefits constitute the most valuable asset the couple has acquired and they both have relied upon their pension payments for security in their older years.

Id. at 828-29 (quoting Moran v. Moran, 612 A.2d 26, 33 (R.I. 1992)) (emphasis added).  In other words, the benefits are "part of the consideration earned by an employee, and . . . a form of deferred compensation provided by the employer for work already performed."  Id. at 829 (citation omitted).  By defining marital property as those retirement benefits earned during the marriage, the Cohen court by negative implication excluded those earned prior to the marriage.

In  Langschmidt v. Langschmidt, 81 S.W.3d 741 (Tenn. 2002), this Court considered section 36-4-121(b)(1)(B) in the context of individual retirement accounts ("IRAs") funded with premarital

3

earnings, concluding that the accounts were not marital property. While the majority purports not to specifically overrule Langschmidt, it has ruled that the analysis "lacked clarity" and "failed to articulate clearly the correct analytical approach." I must disagree. In Langschmidt, this Court concluded that the time of the husband's acquisition of the assets that funded the account controlled as to the classification of the property as marital:

> Unlike the accrual of vested or unvested pension during the marriage, Husband's IRAs in this case do not represent deferred compensation during the marriage, but were funded with premarital assets. . . . [A]ssets owned by a spouse before marriage are not marital property. See Tenn. Code Ann. § 36-4-121(b)(2)(a). Since Husband's IRAs do not represent deferred marital compensation, but were funded with premarital earnings (except for the value of the 401(k) rollover), we conclude that Husband's premarital IRAs are not retirement benefits under Tenn. Code Ann. § 36-4-121(b)(1)(B).

81 S.W.3d at 749-50. By adopting that reasoning, this Court explicitly considered and rejected a line of cases that treated the question of whether accounts are "retirement benefits by definition" as determinative. Id. at 749 (citing McKee v. McKee, No. M1997-00204-COA-R3-CV, 2000 WL 666363, at *5 (Tenn. Ct. App. May 23, 2000); Mahler v. Mahler, No. 01A01-9507-CH-00303, 1997 WL 187130, at *2 (Tenn. Ct. App. April 18, 1997); Mayfield v. Mayfield, No. 10A01-9611-CV-00501, 1997 WL 210826, at *4-5 (Tenn. Ct. App. April 30, 1997)). The majority has chosen instead to revive the reasoning of this line of cases. Because I see no reason to either overrule or clarify Langschmidt, I must disagree.

The principle espoused by Langschmidt and Cohen is that contributions to a retirement account qualify as marital property if made as a form of deferred compensation during the marriage, but they do not qualify as marital property if made prior to the time of marriage. Because the premarital contributions – as benefits accruing before the marriage – should be separate property, any increase in value attributable to those contributions should also be treated as separate property.

C.     Purpose of the Statutory Scheme

The Langschmidt rule is consistent with the policy underlying the statutory scheme, which classifies property based upon the time property is acquired, earned, or increased in value through a spouse's labor. Section 36-4-121(b)(1)(A), for example, includes property "acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing." (Emphasis added.) Further, section 36-4-121(b)(1)(B) includes "any increase in value during the marriage of . . . separate property . . . if each party substantially contributed to its preservation and appreciation." (Emphasis added.) Finally, section 36-4-121(b)(1)(C) includes "recovery in personal injury, workers' compensation, social security disability actions, and other similar actions for . . . wages lost during the marriage." (Emphasis added.) The common thread within these provisions is that the asset, to qualify as marital property, must be earned, acquired, or improved by spousal labor during the time of marriage. In this context, the Langschmidt rule, which identifies the determinative factor as whether or not the accounts were funded with "deferred marital compensation," is preferable to the ruling of the majority, which focuses only on the date of appreciation and, in effect, ignores the date of the initial contributions. I would conclude, therefore, that the premarital contributions – as well as any appreciation of those contributions – should have

4

been initially classified as separate property for the purposes of section 36-4-121.[1]

## II. Commingling and Substantial Contribution

The inquiry does not end there. Even if the increase in value of the premarital contributions was initially separate property, it may have become marital property by way of commingling or substantial contribution. Because the record has not yet been sufficiently developed on these points, I would remand.

### A. Commingling

"[S]eparate property becomes marital property [by commingling] if inextricably mingled with marital property or with the separate property of the other spouse." Langschmidt, 81 S.W.3d at 747 (quoting 2 Homer H. Clark, The Law of Domestic Relations in the United States § 16.2 at 185 (2d ed. 1987)). It is only when "the separate property continues to be segregated or can be traced into its product, [that] commingling does not occur." Id. (quoting 2 Clark, The Law of Domestic Relations in the United States § 16.2 at 185); see also White v. White, No. E2006-00595-COA-R3-CV, 2007 WL 63602, at *4-5 (Tenn. Ct. App. Jan. 10, 2007) (affirming holding that appreciation of premarital contributions to a 401(k) could be traced and thus was not commingled). The spouse claiming that the property is not marital bears a "rebuttable presumption of a gift to the marital estate." Langschmidt, 81 S.W.3d at 747 (quoting 2 Clark, The Law of Domestic Relations in the United States § 16.2 at 185).

Mr. Snodgrass attempted to introduce the testimony of a certified public accountant, Janice Smith, for the purpose of segregating the increase in value of his premarital contributions from the total increases in value of his 401(k) account. Mrs. Snodgrass argued, however, that the testimony was not relevant because "if it is a 'retirement benefit,' then the [entire] appreciation during the marriage is marital," regardless of any tracing or segregation. The trial court granted the motion to exclude the testimony. On appeal, Mrs. Snodgrass has raised objections to Ms. Smith's methodology. While those objections may be sound, the trial court erred by excluding the testimony as irrelevant based on the mistaken theory of the law advanced by Mrs. Snodgrass. Thus, I would remand to the trial court to determine whether Mr. Snodgrass could establish that the increase in value of his separate property was not inextricably commingled with the marital portions of his

---

[1] This interpretation does not "violate" any rule against surplusage. It is clear, in my opinion, why the General Assembly would specifically enumerate, as one form of marital property, the value of retirement benefit rights acquired during a marriage. It is easy to imagine a spouse arguing that the value of his or her retirement benefit rights – which were earned during a marriage but would not be paid until after a divorce – was not "acquired . . . during the course of the marriage," because that value would not become available until after the termination of the marriage. The second clause of section 36-4-121(b)(1)(B), as I read it, definitively forecloses this argument by establishing that the date of the accrual of the right governs, not the date of the payout. I therefore disagree with any suggestion by the majority that only its preferred interpretation can explain the General Assembly's decision to include that language.

Moreover, any "preference for avoiding surplusage constructions is not absolute." Lamie v. U.S. Trustee, 540 U.S. 526, 536 (2004). In fact, "the canon presuming the absence of surplusage has long been criticized for assuming something quite unrealistic about [the legislature] – namely, that legislators are aware of how the various parts of the statute intertwine." Martin H. Redish & Dennis Murashko, The Rules Enabling Act and the Procedural-Substantive Tension: A Lesson in Statutory Interpretation, 93 Minn. L. Rev. 26, 38 (2008) (citing Richard A. Posner, Statutory Interpretation–in the Classroom and in the Courtroom, 50 U. Chi. L. Rev. 800, 812-13 (1983)). In any event, the canon should not trump our other, more viable rules of construction or the precedential value of Langschmidt.

account.

B.    Substantial Contribution

An increase in the value of separate property may also be classified as marital "if each party substantially contributed to [the property's] preservation and appreciation." Tenn. Code Ann. § 36-4-121(b)(1)(B).  Substantial contribution "may include, but [is] not . . . limited to, the direct or indirect contribution of a spouse as homemaker, wage earner, parent or family financial manager, together with such other factors as the court having jurisdiction thereof may determine." Tenn. Code Ann. § 36-4-121(b)(1)(D); see also Keyt v. Keyt, 244 S.W.3d 321, 328-29 (Tenn. 2007).  Because of the state of the record, it is impossible to determine whether Mrs. Snodgrass substantially contributed to the increase in value of Mr. Snodgrass's premarital contributions through, for example, her contributions to the financial management of Mr. Snodgrass's 401(k), or whether the reverse would be true.  I would have directed the trial court to consider these issues on remand.

Conclusion

This result may ultimately prove to be correct.  I agree with much of the thorough analysis by the majority.  The increases in value of the premarital contributions may be properly classifiable as marital either through commingling, unless competent testimony traces the increase in value,  or substantial contribution.  I cannot, however, square the majority's full reasoning with the principles laid out in Langschmidt.  I would follow the Langschmidt rule, which would classify the increase in value of a retirement benefit right as marital or separate property based on the time that the right itself accrues, not the time that the right increases in value.  I, therefore, must respectfully dissent.

_____
GARY R. WADE, JUSTICE

6