IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
APRIL 22, 2009 Session

# FRED EUGENE BROOKS, SR. v. MARY ELIZABETH HAIMES BROOKS

### Direct Appeal from the Chancery Court for Tipton County
### No. 23207      Martha Brasfield, Chancellor

### No. W2008-02349-COA-R3-CV - Filed August 24, 2009

This case involves issues arising out of the parties' divorce. Prior to the parties' marriage, both Husband and Wife owned separate residences. In its property division, the trial court found that during the parties' marriage, Husband's home increased in value by $61,700.00, and the court awarded each party one-half of the appreciation, or $30,850.00. The trial court found Wife's home to be her sole and separate property, as the value of her home decreased during the marriage. Finally, the trial court awarded Wife $3,000.00 in attorney fees to be paid by Husband. On appeal, Husband contends that Wife was entitled only to $9,000.00 of the increased value of Husband's home–one-half of the value of an addition made to the home during the marriage. Husband further claims that the trial court erred in failing to offset Wife's award for debts paid on her home during the marriage, and in its award of attorney fees. We reverse the trial court's award to Wife, and we affirm both the trial court's award of attorney fees to Wife, and its finding that Wife's home did not increase in value during the parties' marriage such that Husband could recover a share of such increase.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Reversed in Part

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

J. Thomas Caldwell, Ripley, TN, for Appellant

Julie D. Byrd, Memphis, TN, for Appellee

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Fred Eugene Brooks, Sr. ("Husband") and Mary Elizabeth Haimes Brooks ("Wife") (collectively, "the parties") were married in May 1996 and separated in June 2005. The parties were divorced on September 15, 2008. No minor children were born to the marriage.

At the time of the marriage, both parties owned separate homes. During the marriage, the parties lived in Husband's home. Husband's son from a prior marriage lived in Wife's home rent-free for "quite a few years," and then the home remained vacant for approximately six years.

After a trial, the Chancellor entered a Final Decree of Divorce in which she declared the parties divorced pursuant to Tennessee Code Annotated section 36-4-129,[1] and divided the parties' real property.[2] Concerning Wife's home, the court found as follows:

> Prior to the marriage, the Wife owned a home at 3274 Mario St., in Memphis, Shelby County, Tennessee. There was no proof as to the value of the home at the time of the marriage. Scott Taylor, a real estate appraiser, appraised the property in August 2007, and valued it at $43,500.00. After the parties married, a debt of $14,000 to Temple-Inland Mortgage Company and a debt of $7,075.26, payable to the Wife's former husband,[3] were paid with marital funds. During the marriage, the Husband's son lived in the Wife's home and paid no rent. The Husband acknowledged that this residence was in terrible shape when his son moved from the residence. The Husband testified that he made improvements to the home, such as replacing the roof, which the Wife disputed. Mr. Taylor acknowledged that the home

---

[1] Tennessee Code Annotated section 36-4-129 provides:

(a) In all actions for divorce from the bonds of matrimony or legal separation the parties may stipulate as to grounds and/or defenses.

(b) The court may, upon stipulation to or proof of any ground of divorce pursuant to § 36-4-101, grant a divorce to the party who was less at fault or, if either or both parties are entitled to a divorce or if a divorce is to be granted on the grounds of irreconcilable differences, declare the parties to be divorced, rather than awarding a divorce to either party alone.

[2] The trial court also divided various items of personal property, including vehicles, social security benefits, investment accounts, and a 401K retirement account, which are not subject to this appeal.

[3] According to Wife, Wife's former Husband had a lien against Wife's home.

was not in good shape and that it was located in an area of Memphis where home values and neighborhoods were declining.

> The Court finds that the residence did not increase in value during the marriage; therefore, there is no increase in value to divide between the Husband and the Wife. The Court finds that the Mario St. property is the sole and separate property of the Wife.

The court also made findings related to Husband's home. The court stated that

> Prior to the marriage, the Husband owned a residence at 1069 Walnut Road, Brighton, Tennessee. This became the marital residence. There was no mortgage on the residence when the parties married. The value as of July 26, 1989, was $61,300.00. Scott Taylor appraised this property at $123,000.00 as of August 2007. Substantial improvements were made to the home during the marriage and were paid for with marital funds. The Wife was a home-maker during most of the marriage. She tended to the house, kept it clean, and helped maintain it. The Court finds that, since the marriage, the marital residence has increased in value in the amount of $61,700.00. Each party is entitled to 1/2 of the increase in the value of the marital residence, or $30,850.00.

Finally, in the Final Decree of Divorce, the trial court required Husband to pay $3,000.00 of Wife's attorney fees. Husband appeals.

## II. ISSUES PRESENTED

Husband has timely filed his notice of appeal and presents the following issues, as restated, for our review:

1. Whether the trial court erred in awarding Wife $30,850.00 as her share of the increased value of Husband's home;

2. Whether the trial court erred in failing to offset Wife's share of Husband's home for Husband's payment of her $21,075.26 debt; and

3. Whether the trial court erred in requiring Husband to pay $3,000.00 of Wife's attorney fees.

For the following reasons, we affirm in part and reverse in part.

### III.    DISCUSSION

### *A.    Wife's Share of Husband's Home*

On appeal, Husband asserts that the trial court erred when it awarded Wife $30,850.00 as her share of the increase in the market value of Husband's home during the marriage.  Husband claims that Wife is entitled only to $9,000–one-half of the value of an addition made to Husband's home during the marriage.  Husband points to the testimony of real estate appraiser Scott Taylor, who testified at trial that the 399 square foot bedroom and attached bathroom addition increased the value of Husband's home by $18,000.  Husband seems to argue that Wife's share should be limited to one-half of the addition's value, as market conditions account for the remaining increase in value.  We accord great weight to a trial court's division of marital assets.  ***Herrera v. Herrera***, 944 S.W.2d 379, 389 (Tenn. Ct. App. 1996).  Therefore, such division will not be disturbed "unless [it] lacks proper evidentiary support or results from some error of law or misapplication of statutory requirements and procedures."  ***Id.*** (citing *Wade v. Wade*, 897 S.W.2d 702, 715 (Tenn. Ct. App. 1994)).

Our Supreme Court rejected this argument in *Ellis v. Ellis*, 748 S.W.2d 424 (Tenn. 1988).  In *Ellis*, the wife inherited a home and thirty-nine acres during the parties' marriage.  ***Id.*** at 425.  The parties then moved into that home until their separation ten years later.  ***Id.*** at 426.  At the parties' divorce trial, evidence was introduced showing that the husband had paid $5,344 towards improvements to the home and $2,200 towards repairs on other buildings on the premises, and that he had paid for items such as taxes, insurance, utilities, and farm equipment and supplies.  ***Id.*** Accordingly, the trial court found that although the home was the wife's separate property, the appreciation of the home during the marriage–$51,700–was marital property subject to equitable division.  ***Id.*** The Court of Appeals reversed the trial court, finding that only $7,455 of the appreciation should be considered marital property, "that being the sum that the husband had expended on improvements and repairs on the [home] during the marriage."  ***Id.***  The other appreciation, according to the Court of Appeals, was due to inflation.  In reversing the Court of Appeals, our Supreme Court stated:

> T.C.A. § 36-4-121(b)(1) clearly states that "any increase in value during the marriage" of such property shall be included as marital property subject to division.  The word "any" is all inclusive and does not allow an exception based on inflation
> . . . .
>
> The only condition imposed in the statute for treating any increase in value during the marriage as marital property is the provision, "if each party substantially contributed to its preservation and appreciation."

***Id.*** at 426-27.  Based upon Husband's $5,544 contributions towards the home's improvements, our Supreme Court stated that "the husband was entitled to share fully in the whole appreciation and value of the [home] during the marriage."

-4-

In *Harrison v. Harrison*, 912 S.W.2d 124 (Tenn. 1995) *reh'g denied* (Jan. 22, 1996), our Supreme Court affirmed the *Ellis* holding. In *Harrison*, the Court refused to allow the wife to share in the increased value of her husband's separate property, noting that it was undisputed that the sole cause of the land's increased value was the construction of Interstate 24.[4] *Id.* at 125. The Court found that Wife had not substantially contributed to the property's preservation and appreciation; however, it noted that

> Application of the rule stated *Ellis* to the facts of this case would require the conclusion that if the evidence proved that the wife had contributed substantially to the preservation and appreciation in value, the entire amount of the increase in value would be marital property; but, since the evidence does not show that the wife substantially contributed to the preservation or appreciation of the property, the increase in its value is not marital property.

*Id.* at 127.

In the instant case, the trial court found that Wife "tended to [Husband's] house, kept it clean, and helped maintain it." Based upon this statement and its award to Wife of one half of the increased value of Husband's home, we find the trial court impliedly found that Wife substantially contributed to the preservation and appreciation of Husband's home. The evidence does not preponderate against this finding. Therefore, applying the rule from *Ellis*, we find that any increase in the value of Husband's home during the marriage, as a whole, became marital property subject to equitable division.

However, based on the lack of evidence in this case regarding the value of Husband's home at the time of the marriage, we cannot determine the increased value of his home. Specifically, we find as error, the trial court's use of a 1989 appraisal to value Husband's home at the time of the 1996 marriage. The parties "had the burden of bringing forth evidence regarding the value of marital assets, and they are bound by the evidence they present, or in this case, did not present." *Blevins v. Blevins*, No. M2002-02583-COA-R3-CV, 2003 WL 23094162, at *3 (Tenn. Ct. App. Dec. 30, 2003) *perm. app. denied* (Tenn. June 14, 2004). Although "the trial court is free to assign marital property a value that is 'within the range of evidence submitted[,]'" *Id.* (quoting *Koch v. Koch*, 874 S.W.2d 571, 577 (Tenn. Ct. App. 1993)), we find that the trial court's valuation was not "within the range of evidence submitted." Without evidence that the value of Husband's home remained unchanged from 1989 to 1996, using such a remote appraisal risks allowing a windfall to Wife. Because the evidence preponderates against the trial court's finding that Husband's home increased in value by $61,700.00 during the marriage, we reverse its award of one half of said increase, or $30,850.00, to Wife.

---

[4] The property at issue in *Harrison* increased in value from $7,000 at the time of the parties marriage to $1,361,750 at the time of their divorce. *Id.* at 125.

### B.    Offset of Award for Debt Paid

Next, Husband contends that the trial court erred in failing to offset Wife's award for the $21,075.26 debt Husband claims he paid to "pay off" Wife's home.[5]  Although his argument is unclear, Husband seems to argue that his contributions converted Wife's home, or at least any increased value in such, into marital property.  The classification of property as either marital or separate property is a question of fact.  ***Ferguson v. Ferguson***, No. M2005-02468-COA-R3-CV, 2008 WL 425945, at *2 (Tenn. Ct. App. Feb. 13, 2008) (citing *Mitts v. Mitts*, 39 S.W.3d 142, 144-45 (Tenn. Ct. App. 2000)).  Thus, our review of the trial court's classification is *de novo* with a presumption of correctness.  **Tenn. R. App. P. 13(d) (2008)**.

Tennessee is a "dual property" state, as our divorce statutes distinguish between marital and separate property.  ***See Batson v. Batson***, 769 S.W.2d 849, 856 (Tenn. Ct. App. 1988).  The first step a trial court must take in dividing a marital estate is to identify all of the parties' property interests.  ***Owens v. Owens***, 241 S.W.3d 478, 485 (Tenn. Ct. App. 2007) (citing 19 W. Walton Garrett, *Tennessee Practice: Tennessee Divorce, Alimony and Child Custody* § 15:2, at 321 (rev. ed. 2004)).  Next, the trial court must classify the identified property as either marital or separate.  *Id.* (citing *Flannary v. Flannary*, 121 S.W.3d 647, 650 (Tenn. 2003); *Conley v. Conley*, 181 S.W.3d 692, 700 (Tenn. Ct. App. 2005); *Anderton v. Anderton*, 988 S.W.2d 675, 679 (Tenn. Ct. App. 1998)).  "This classification is an important threshold matter because courts do not have the authority to make a distribution of separate property."  ***Summer v. Summer***, No. E2007-01003-COA-R3-CV, 2008 WL 990454, at *2 (Tenn. Ct. App. Apr. 10, 2008), *perm. app. denied* (Tenn. Oct. 27, 2008) (citing *Keyt v. Keyt*, 244 S.W.3d 321, 328 (Tenn. 2007); *Flannary*, 121 S.W.3d at 650).

Tennessee Code Annotated section 36-4-121 governs the classification of property as marital or separate, and defines "marital property" to include: (b)(1)(A) . . . all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce . . . .

> (B) "Marital property" includes income from, and any increase in value during the marriage of, property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation . . . .
>
> . . . .

---

[5] Husband claims the trial court found *he* paid $21,175.26 towards Wife's debts; however, the trial court, in fact, found that such debts were paid with *marital funds*.

(D) . . . "substantial contribution" may include, but not be limited to, the direct or indirect contribution of a spouse as homemaker, wage earner, parent or family financial manager, together with such other factors as the court having jurisdiction thereof may determine.

Tennessee Code Annotated section 36-4-121 further defines "separate property" as

(2)(A) All real and personal property owned by a spouse before marriage . . . ;

(B) Property acquired in exchange for property acquired before the marriage;

(C) Income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1)[.]

Thus, our statutes provide that "[a]ny increase in value during the marriage of property determined to be separate property will be classified as marital property if 'each party substantially contributed to its preservation and appreciation.'" *Summer*, 2008 WL 990454, at *5 (quoting Tenn. Code Ann. § 36-4-121(b)(1)(B); *Keyt*, 244 S.W.3d at 328-29).

In considering whether Husband is entitled to a share of Wife's home, we must determine whether Husband's payment of Wife's debts caused "any increase in value" of Wife's home, such that the increased value became marital property. *See* **Tenn. Code Ann. § 36-4-121(b)(1)(B) (2005)**. "Our courts have consistently interpreted the phrase 'any increase in value' as all inclusive." *Cohen v. Cohen*, 937 S.W.2d 823, 832 (Tenn. 1996) (citing *Ellis v. Ellis*, 748 S.W.2d 424, 426 (Tenn. 1988)) (finding that because husband substantially contributed to home's preservation and appreciation by making improvements and repairs, increased value due to inflation was also included as a marital asset).

Our courts have acknowledged two ways in which separate property may increase in value during a marriage. The fair market value of the property, itself, may increase, for example, through market conditions, renovations or additions, or debts on the property may be paid, such that the equity in the property increases. *See id.* In this case, there has been no proof regarding the value of Wife's home at the time of the marriage. Wife testified that she believes her home has declined in value since the parties' marriage due to its deteriorated condition. The appraiser, Scott Taylor, valued Wife's home at $43,500.00 as of August 2007, and acknowledged that it was located in an area of Memphis where home values and neighborhoods were declining. The trial court found that Wife's home did not increase in value during the parties' marriage, and therefore, that Husband was entitled to no interest in her home. Husband does not argue that Wife's home increased in value during the marriage. Because the fair market value of Wife's home decreased during the marriage, Husband is entitled to no share of an increased fair market value.

Despite the decreased fair market value of Wife's home, Husband could nonetheless recover a share of any increased equity in Wife's home if he proves he substantially contributed to such. "Under our state law, equity in separate property that accrues during the marriage is subject to division as marital property if the non-owner spouse makes a substantial contribution to the increase in value." *Id.* (citing Tenn Code Ann. § 36-4-121(b)(1)(B); *Harrison v. Harrison*, 912 S.W.2d 124, 127 (Tenn. 1995); *Ellis*, 748 S.W.2d at 427). "Put simply, equity in real property is acquired as the debt is reduced." *Cohen*, 937 S.W.2d at 833. As we noted above, the value of Wife's home at the time of the marriage has not been proven. Likewise, the equity in Wife's home at the time of the marriage is unknown. Because the fair market value of Wife's home allegedly declined during the marriage, the equity in the home did not necessarily increase as payments towards encumbrances were made. Therefore, we find that Husband failed to prove the equity "increase[d] in value during the marriage," such that it became marital property subject to equitable division. The trial court did not err in declining to award Husband a share of any increased value in Wife's home.

### C. Attorney Fees

On appeal, Husband challenges the trial court's order requiring him to pay $3,000.00 towards Wife's attorney fees. An award of attorney fees is considered alimony *in solido*. **Koja v. Koja**, 42 S.W.3d 94, 98 (Tenn. Ct. App. 2000) (citing *Herrera v. Herrera*, 944 S.W.2d 379, 390 (Tenn. Ct. App. 1996)). The decision of whether to award attorney fees is within the sound discretion of the trial court and "'will not be disturbed upon appeal unless the evidence preponderates against such a decision.'" *Id.* (quoting *Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. Ct. App. 1995)). To determine whether an award of attorney fees is appropriate, the trial court should consider the same statutory factors used to determine the propriety of an alimony award. *Id.*; *see also* Tenn. Code Ann. § 36-5-121.

"A spouse with adequate property and income is not entitled to an award of alimony to pay attorneys fees and expenses." *Id.* (citing *Umstot v. Umstot*, 968 S.W.2d 819, 824 (Tenn. Ct. App. 1997); *Duncan v. Duncan*, 686 S.W.2d 568, 573 (Tenn. Ct. App. 1984)). "Where a spouse has property and income adequate for her needs, it may not be proper for the trial court to make an additional award of alimony in solido for payment of the wife's attorney fees." *Id.* (citations omitted). Awards of attorney fees are appropriate "'only when the spouse seeking them lacks sufficient funds to pay his or her own legal expenses,'" *Id.* (quoting *Brown v. Brown*, 913 S.W.2d 163, 170 (Tenn. Ct. App. 1994)), or would be forced "'to deplete his or her resources in order to pay these expenses.'" *Id.* (quoting *Harwell v. Harwell*, 612 S.W.2d 182, 185 (Tenn. Ct. App. 1980)). However, when one spouse "has been awarded additional funds for maintenance and support and such funds are intended to provide the party with a source of future income, the party need not be required to pay legal expenses by using assets that will provide for future income." *Id.* (citing *Batson v. Batson*, 769 S.W.2d 849, 862 (Tenn. Ct. App. 1988)).

Husband claims that the trial court erred in awarding Wife her attorney fees "because the Wife had substantial assets of her own from which to pay her attorney." Husband does not specify

the source of these "substantial assets." In awarding Wife her attorney fees, the trial court found as follows:

> During the pendency of this hearing, the Wife received $941.00 in Social Security benefits and $850.00 in alimony per month. At present, these are the only monies that she is receiving and, according to her testimony, they do not meet her expenses. The Wife will receive substantial funds in this divorce decree, but she will have to use these funds to pay for a place to live and a new vehicle. Counting both his separate property and the marital property, the Husband will have substantially more money than the Wife. This Court finds that the Husband should be required to pay $3,000.00 of the Wife's attorney fees.

Finding no error by the trial court, we affirm the award of attorney fees to Wife.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the award of attorney fees to Wife, we reverse the chancery court's award of $30,850.00 to Wife as her share of Husband's home, and we affirm the trial court's finding that Wife's home did not increase in value during the marriage. Costs of this appeal are taxed equally to Appellant, Fred Eugene Brooks, Sr., and his surety, and Mary Elizabeth Haimes Brooks, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, P.J., W.S.